## JAMES H. LYNCH v. S. R. THOMPSON.

1. PARTNERSHIP. *When parties become partners. Case in judgment.*

P. and L. entered into a written agreement whereby they contracted to embark together into the enterprise of raising and dismantling a sunken steamer. L. was to furnish certain necessary machinery and appliances named, and with these P. was to do the work, and furnish labor, provisions, money, and such further appliances as were necessary for the work. The material to be saved from the wreck was to be turned over to L., who was to control and sell the same for their joint account, first repaying to P. the amounts paid by him. *Held*, that this agreement constituted the parties partners in the enterprise both *inter sese* and as to third persons.

2. Same. *Liability of partners to third persons. Private agreement inter sese.*

Where one of two partners, embarked in a joint venture, contracted for and obtained for the partnership from a third person certain things within the scope of the copartnership venture, both of the partners are liable, notwithstanding a private agreement *inter sese* that a particular member of the firm should alone be liable for the things obtained.

3 Supreme Court. *Practice. Judgment. Errors which cannot be complained of.*

Where two partners are jointly sued in the circuit court and separate judgments rendered against them, and one appeals to the supreme court, he cannot there complain of errors in the judgment against the other partner by which he is in no manner aggrieved.

Appeal from the Circuit Court of Jackson County.

Hon. Samuel H. Terral, Judge.

The facts are stated in the opinion.

*Ben Lane Posey*, for the appellant.

1. It is error to try the issue raised by a defendant who pleads, before making some disposition of the case as to the defendant who does not plead. *Davis* v. *Frierson*, 2 How. 805 ; *Barker* v. *Justice*, 41 Miss. 240; *Taylor* v. *The State*, 50 Miss. 79 ; *Pollen* v. *James*, 45 Miss. 129 ; *Parisot* v. *Green*, 46 Miss. 747.

2. In a suit against a partnership, a separate judgment cannot be rendered against an individual partner. The judgment must be against the partnership, and it binds only the assets of the individuals served. No judgment can be rendered against an individual member of the firm. *Miller* v. *Northern Bank*, 34 Miss. 412.

3. The court erred in refusing this instruction : " The written agreement between R. K. Peterson and James H. Lynch, which is in evidence in this case in regard to wrecking the steamer Josephine, does not by its effect make them partners." It was of course the duty of the court to construe this writing and inform the jury of its legal effect. The court refused this instruction and gave a charge to the contrary, that said agreement did make them partners. There are hundreds of decisions upon contracts of this kind, to go jointly into a single venture or operation, and though it is perhaps correct to say that some of these contracts constitute a partnership, yet a majority of such cases hold that these special and limited

enterprises are not partnerships. *Cumpston* v. *McNair*, 1 Wend. 457; *Heimstreet* v. *Howland*, 5 Denio 69; 15 Mo. 482; 36 Ala. 61; 46 Ill. 35; 49 Maine 118; 30 Maine 384; 49 Ala. 14; 49 Ala. 254.

*Ben Lane Posey* also argued the case orally.

*L. Brame*, for the appellee.

1. Great stress is laid upon the fact that no formal partnership name was used, and counsel for appellant says that it is conclusive upon Thompson that he had not dealt with the parties under such firm name. But that is not so. It is wholly immaterial what the firm name was, or whether they ever adopted one. 1 Lindley on Part. 208 and notes. Certain it is that the parties united their means, property, skill, and attention in the prosecution of a joint or common business under an agreement to share the profits, and it is not of the least consequence whether they had a firm name or not. Nor can it be true that third persons with whom they dealt on joint account, and from whom they obtained supplies, etc., needed to carry forward the work, can be affected by any secret agreement they may have had as between themselves limiting and qualifying their liability. Thompson had no knowledge or notice of any special agreement they had *inter sese* providing what each partner was to do or furnish respectively. These parties came there from a distance and entered upon a business of magnitude, and naturally he supposed that they were jointly responsible, as any other partners, for all debts necessarily contracted in carrying on the business; and he had a right to assume that they were, especially in view of the declarations and conduct of both parties before and during the time the debt was being contracted. They both told him not only that they were jointly interested but that they were *partners*, and they are estopped to deny the debt. One of them, *with the knowledge and consent of the other*, contracted the indebtedness *in carrying on the very business provided for in their partnership agreement.*

2. It is urged by counsel for appellant that this was a special and limited partnership, and that Lynch is not liable for any of the acts or contracts of his partner, Peterson. The liability of one

partner for the contracts of another is based upon the doctrine of agency. If the partnership is a general commercial one, of course each partner has general authority to act for the firm. "In those of a more limited character, the extent of the authority of the individual partner must be measured by the *nature of the business in which they embark.*" This is the language of a well-considered opinion in the case of *Davis* v. *Richardson*, 45 Miss. 507, and it responds to reason. "In such cases according to the *nature of the business and what is usual and customary* will be the measure of each partner's authority." *Cooper* v. *Frierson*, 48 Miss. 310.

3. In addition to the liability of Lynch based upon the general implied authority of Peterson to bind him, I submit that by *his own conduct and acquiescence* he rendered himself liable. See *Prince* v. *Crawford*, 50 Miss. 344.

4. It did not prejudice Lynch that no judgment by default was taken of Peterson before the trial of the issue as to him; the result of the case would have been precisely the same if the order of the proceeding had been reversed. The great confusion, embarrassment, and prejudice resulting to appellant rest purely in the vivid imagination of counsel. Sections 1732 and 1733 of the Code of 1880, were intended to authorize the court to proceed just as was done in this case, and they fully meet the objection here made.

*L. Brame* also made an oral argument.

CHALMERS, J., delivered the opinion of the court.

R. K. Peterson and James H. Lynch entered into a written agreement by which they contracted to embark together in the enterprise, business, or adventure of raising and dismantling a large steamer which lay sunken off the Gulf coast of this State near Scranton.

Lynch was to furnish certain necessary machinery and appliances named, and with these Peterson was to do the work, furnishing labor, provisions, money, and such further appliances as were necessary for the work. As fast as the wreck was dismantled, the material saved was to be turned over to Lynch, who was to control and sell the same for joint account, first repaying to Peterson the

amounts paid out by him.  This agreement constituted the parties partners in this enterprise or adventure both *inter sese* and as to third persons.  The attempt to dismantle the vessel was entered upon and persisted in for some time but ultimately abandoned.  Plaintiff Thompson, who was a merchant in the town of Scranton, sold and delivered to Peterson many things essential to the enterprise, which by Peterson's directions were charged to Peterson & Lynch.  Lynch knew that these articles were being bought, that they were being used in the joint business, and that they consisted of the very things the purchase of which it was contemplated by the articles of agreement Peterson should furnish, but did not know that they were being bought on the joint credit of the two partners or of the firm, and supposed that they were sold on the credit of Peterson alone.

Being sued jointly with Peterson for their price, he resists liability upon the ground that he and Peterson were not general traders nor partners of any sort, but simply adventurers embarked in a single enterprise, and that, therefore, all who dealt with them were bound to inquire into and to take notice of their private agreement, and could impose no liability upon either except as contemplated by its articles.  The court below rightly rejected this view.  Partners in a single venture are like other partners, liable for all contracts entered into by either for the promotion of the scheme within the scope of the venture where it can be affirmatively shown that such was the nature of the contract.  The scope of the power to make contracts will be broader or narrower according to the business and the usually recognized methods of conducting it.  It is generally held that in non-trading partnerships there is no power in one partner to execute promissory notes or other negotiable paper, and this has been several times held in this State as applicable to farming partnerships, the reason being that such partnerships do not ordinarily contemplate the borrowing of money.  *Davis* v. *Richardson,* 45 Miss. 499; *Cooper* v. *Frierson,* 48 Miss. 300; *Prince* v. *Crawford,* 50 Miss. 344; *Morgan* v. *Pierce,* 59 Miss. 210.

But no matter what the business nor how the contract is evi-

denced, the act of one partner will bind the rest where the plaintiff affirmatively shows that the real consideration was within the scope of the business as generally understood and conducted in the country, or was actually essential to the promotion of the enterprise; nor will this liability as to third persons be affected by the private agreement *inter sese,* that a particular member of the firm shall alone be liable for such matters. When the contract has taken the form of negotiable paper it loses its strictly negotiable character, as to which the authorities show a great jealousy in non-commercial partnerships; but this would be a matter of little concern under our anti-commercial statutes as to such paper.

In other words, partners in a single undertaking are, like other partners, bound for the acts of each other done in the conduct of the business, the only difference being that in commercial partnerships third persons are protected by some presumptions of law which do not attach in non-trading enterprises. In the present case, however, no presumptions are necessary, since it affirmatively appears that the articles furnished were essential to the enterprise, as evidenced both by its nature and by the articles of agreement between the partners. The articles sued for were labor done and provisions and materials supplied in carrying on the work. Collyer on Part., § 402 and notes; Lindley on Part. 55–6 and notes; Story on Part. 126 and notes.

The instructions given and refused in the court certainly did appellant no injustice, though they were not perhaps all that the appellee had a right to demand.

It is objected that there was a trial of the issues joined between the plaintiff and defendant Lynch without any previous judgment or dismissal as to defendant Peterson, who had made default. There was a subsequent judgment by default as to Peterson, and though it would have been more orderly to have made some previous disposition as to him, it is not perceived how any wrong or injustice accrued to Lynch by the order adopted.

The verdict and judgment against Lynch was for two hundred and fifty-seven dollars, and the judgment by default against Peterson was for two hundred and twenty-five dollars, and this, it is insisted,

makes both judgments erroneous. The judgment against Peterson is undoubtedly erroneous. The suit was against both defendants as partners, and they must both, therefore, be liable for the same amount.

While §§ 1732–1733 of Code of 1880 permit judgments for different amounts to be entered in the same suit against different defendants as justice may demand, this will not justify as to Peterson the judgment here entered, since such judgment must be based upon the idea that he owed something more than the amount due by the firm, because of an individual liability on his part. But it is not permissible to embrace in the same suit an individual demand against one partner and a joint demand against the firm of which he is a member. *Miller* v. *Northern Bank*, 34 Miss. 412.

There is no error, however, in the judgment against Lynch for the smaller sum. This was wholly upon a demand against the firm, for which he was liable. Peterson has not appealed and Lynch cannot complain of an error by which he is in no manner aggrieved.

The same answer applies to various assignments of error by which appellant Lynch attacks the validity of the proceedings against Peterson.

*Affirmed.*