FIDELITY PHOENIX FIRE INS. CO. *v.* HOWARD *et al.*

(Division B. June 13, 1938.)

[181 So. 846. No. 33268.]

Watkins & Eager, of Jackson, for appellant.

**O. B. Triplett, Jr.,** of Forest, for appellee.

Argued orally by **Mrs. Elizabeth Hulen** and **W. H. Watkins, Jr.,** for appellant, and by **O. B. Triplett, Jr.,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellees, Geo. R. Howard and H. G. Hawkins, were partners. Under the firm name and style, Howard Radio Shop, they conducted a radio business, and in .the same building they carried on an automobile business under the firm name and style, Forest Motor Company. Except for the fact that the two businesses were owned and operated by the same two persons as partners and in the same building, they were kept as much apart or separate as if each were owned by strangers to the other.

One Forbes was an employe of the Howard Radio Shop, with no stated duties to perform for the Forest Motor Company. On Saturday, March 6, 1937, Howard, who was the partner in the active management of both businesses, furnished Forbes with a key to the building and instructed him to open it on the following Monday morning. On Sunday afternoon, March 7, 1937, Forbes entered the building and stole therefrom an automobile belonging to Forest Motor Company.

This automobile was insured by appellant Company for the benefit of Forest Motor Company against theft, but the policy of insurance expressly excepted from its coverage theft ''by any person or persons  .  .  .  in the assured's service or employment, whether the theft, robbery or pilferage occur during the hours of such service or not.'' This exception is common to policies of this particular kind and for at least four obvious reasons is proper to be contained therein.

The question for decision is whether Forbes who, as stated, was an employe of Howard Radio Shop was also, in law, an employe of Forest Motor Company. It is the rule of the common law that a partnership has no legal existence distinct from the persons who compose it. There is nothing of a sufficiently substantial nature to which its existence as a separate legal entity may be safely ascribed apart from the members of the partnership. To call one branch of a partnership business by one name

and another branch by another name cannot alter the actual legal situation. A partnership with identical partners under one partnership name is the same partnership when conducting some other portion of its business under another name,—whatever the name, there is still the same partnership. And a separation of bookkeeping, and of all operations in the details thereof, does not alter the situation, for the ownership and ultimate control are still in the partners who compose the firm.

Forbes was an employe of the partnership, composed of the stated partners, and the automobile belonged to the same partners as partners,—to the same partnership. It follows that the automobile was stolen by an employe of the assured, and that the theft was not covered by the policy.

Reversed, and judgment here for appellant.