United States Fidelity & Guaranty Co., et al. *v.* Collins, et al.

No. 40497 May 20, 1957 95 So. 2d 456

*Hardy Lott,* Greenwood, for appellants, *United States Fidelity & Guaranty Company* and *Buren B. Box.*

Robert B. Smith, III, Ripley; Jesse L. Yancy, Bruce, for appellee, Rubel Boyce Collins.

*Watkins & Eager,* Jackson, for appellees and cross-appellants, *Memphis Stone & Gravel Company* and *American Casualty Company.*

ETHRIDGE, J.

This is a Workmen's Compensation case. It involves questions of whether there was substantial evidence to support the Commission's finding that the employee was not injured as a result of intoxication; whether an insurer of one partner is liable for compensation benefits to a partnership employee; and if so, whether the Commission has power to order one insurance carrier to reimburse another, which has erroneously paid compensation to the employee, the benefits already paid by the latter.

Memphis Stone & Gravel Company, (called Memphis) prime contractor, contracted with the Mississippi State Highway Department for the drainage, construction, and paving of a road in Leflore County, near Minter City. Appellee, William C. Shewmake, subcontracted with Memphis, on July 17, 1954, to load and haul sand and road topping to the roadbed. The job was too big for the subcontractor, Shewmake, to perform alone, so he formed an oral partnership with appellant, Buren B.

Box, to perform this subcontract. In 1947 and 1948 Shewmake and Box had done two other jobs in a partnership for a limited period. The subcontract with Memphis was estimated to require two to three months to perform. It was performed by the partnership of Shewmake and Box.

Shewmake testified that he talked with Thomas J. Salmon, superintendent for Memphis. Salmon asked him if he had workmen's compensation insurance, and Shewmake told him he did not. Asked if he wanted Memphis to carry it, Shewmake replied that he would like for that to be done, to which Salmon stated, "I'll see you about it and let you know." Nothing more was ever said between these parties. After the work started Shewmake said that he talked to Box about workmen's compensation insurance, and Box told him that he had such insurance, and it would take care of the whole job.

Appellant Box, in fact had taken out in his own behalf a workmen's compensation insurance policy covering his individual construction employees in 1950, and had renewed it from year to year. Apparently Box was of the opinion that his compensation policy, which was written by United States Fidelity and Guaranty Company, (called U. S. F. & G.), would cover the partnership employees. Salmon, the superintendent for Memphis, did not recall the conversation with Shewmake. He assumed that the partnership would provide their own workmen's compensation insurance. Memphis, the prime contractor, had a workmen's compensation insurance policy written by appellee, American Casualty Company.

Appellee, Rubel Boyce Collins, was an employee of the partnership of Shewmake and Box. He had been driving a truck for the partnership for about two weeks when he was severely injured in an accident on September 8, 1954.

The attorney-referee held that Collins' injuries arose out of and in the course of his employment, and awarded

to him temporary total disability benefits from September 8, 1954 to August 15, 1955. He further found that, subsequent to the latter date, Collins had a forty per cent wage-earning capacity in the same or similar employment, or, in other words, as a result of the injury he suffered a sixty per cent loss in wage-earning capacity. He therefore awarded to Collins permanent partial disability benefits based upon such findings. The Commission and the circuit court affirmed that award.

1.

 There was substantial evidence to support the award of benefits to appellee Collins. Shewmake and Box, as partners, had eight or more employees. It is undisputed that Collins was an employee of Shewmake and Box, and that his injuries arose out of and in the course of his employment.

The only contention made by U. S. F. and G. and Box with reference to the award is that the overwhelming weight of the evidence reflects that Collins was injured because of intoxication. Code of 1942, Section 6998-04 provides: "No compensation shall be payable if the intoxication of the employee was the proximate cause of the injury . . ." The attorney-referee and Commission held that "the record is insufficient to show that the accident and resultant injuries occurred as a result of intoxication . . ." Appellants concede that the question is whether there was substantial evidence to support this finding of fact.

 There were two factual issues: Whether Collins was intoxicated at the time of the accident, and if so, whether his intoxication was the proximate cause of his injuries. Without detailing the evidence, we think it was a disputed issue of fact as to whether Collins was intoxicated. Brougher, an elderly man who was working on the project, testified that he was. His testimony indicated the existence of some personal animosity to the claimant. Dr. Carroll, who treated Collins after the

collision, said he could smell the odor of liquor on claim-
ant, but could not say how much he had drunk or the
degree of intoxication, if any. On the other hand, Col-
lins denied that he had had any intoxicants, and his testi-
mony was supported by a coemployee who was with him
during the day. The circumstances of the collision are
consistent with a confusion by the drivers of the two
trucks as to their routes. The conflict in the evidence
posed an issue of fact for the attorney-referee and Com-
mission. They found against appellants' position. More-
over, intoxication is an affirmative defense with the
burden of proof upon the employer pleading it. See 1
Larson, Workmen's Compensation Law (1952), Sections
34-34.34; 58 Am. Jur., Workmen's Compensation, Sec-
tions 207, 439.

2.

The next issue is whether U. S. F. and G., which wrote
a compensation policy for Box, is liable for compensa-
tion to Collins, the employee of Shewmake and Box, part-
ners.

Code of 1942, Section 6998-04 provides: "In the case
of an employer who is a subcontractor, the contractor
shall be liable for and shall secure the payment of such
compensation to employees of the subcontractor unless
the subcontractor has secured such payment. In such
cases the number of employees of the subcontractor and
not the contractor shall be the factor determining liabil-
ity."

Appellants contend that the U. S. F. and G. compensa-
tion policy written for Box as an individual did not con-
stitute the securing of the payment of compensation by
the subcontractor for the partnership emplyees within the
meaning of this statute. It is argued that subcontractor
Shewmake never secured any compensation insurance
for the protection of his employees, and that he and his
partner Box together never secured any compensation
insurance for the partnership employees. Hence the U.

S. F. and G. policy held by Box did not constitute the securing of compensation by the subcontractor within the meaning of Section 6998-04. So appellants say that the prime contractor, Memphis, is liable for the compensation to Collins.

■■■ In other words, the question is whether under the facts here the insurer of one partner is liable for compensation benefits to a partnership employee. It is suggested that for the purposes of the Workmen's Compensation Act a partnership is made a legal entity by that Act. A careful examination of the statute indicates that this was not the legislative intent. The Act does not expressly change the common-law rule that all partners are individually liable for all debts of the partnership, and the liability of partners is joint and several. Lynch v. Thompson, 61 Miss. 354 (1883); Shemper v. Hancock Bank, 206 Miss. 775; 40 So. 2d 742 (1949); Fidelity Phoenix Fire Ins. Company v. Howard, 182 Miss. 546, 181 So. 846 (1938). Nor do we think that the statute by implication has the effect of changing in compensation cases this common-law rule of the joint and several liability of partners, by creating an entity or aggregate theory of partnerships.

Although a few cases from New Jersey and Minnesota appear to support appellants' view, we must construe the Mississippi statutes. They do not expressly change the common-law rule, and do not warrant a clear implication of a change in the principle that partners are jointly and severally liable. Moreover, American Surety Company v. Cooper, 222 Miss. 429, 76 So. 2d 254 (1954), necessarily was based on the premise that a partnership under the compensation act is not a legal entity.

■■■ The general rule is that a compensation policy insuring an individual member of a partnership covers an injury to an employee of the partners. 45 C. J. S., Insurance, Section 826, p. 877; 58 Am. Jur., Workmen's Compensation, Section 565; Reed v. Industrial Accident

Commission, 10 Cal. 2d 191, 73 P. 2d 1212, 114 A. L. R. 720 (1937); Brollier v. Van Alstine, 236 Mo. App. 1233, 163 S. W. 2d 109 (1942).

██ ██ With the statute so providing, Code Section 6998-39 writes its provisions into the U. S. F. & G. policy: ''Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of this act, and provisions thereof inconsistent with the act shall be void. Such contract shall be construed to grant full coverage of all liability of the assured under and according to the provisions of the act, notwithstanding any agreement of the parties to the contrary unless the insurance department has theretofore by written order specifically consented to the issuance of a policy on a part of such liability.'' National Surety Corporation v. Kemp, 217 Miss. 537, 560, 64 So. 2d 723, 65 So. 2d 840 (1953).

Since the common-law rule is that partners are jointly and severally liable for partnership obligations, and the compensation act does not change that rule, and in view of the provisions of Section 6998-39, the compensation insurance policy issued by U. S. F. and G. to one of the partners, Box, covers the compensation rights of an employee of Shewmake and Box, partners. In other words, U. S. F. and G., the insurer of one partner, is liable for compensation benefits to the partnership employee under the facts of this case.

3.

██ ██ Apparently by oversight the orders of the attorney-referee and of the Commission failed to adjudicate liability against Shewmake, appellee, as well as Box. Code Section 6998-04 states: ''Every employer to whom this act applies shall be liable for and shall secure the payment to the employees of the compensation payable under its provisions.'' The statute expressly makes the

employer liable for compensation, and of course it applies to Shewmake as well as to Box.

Appellees argue that claimant has not filed any cross-appeal assigning as error the failure to adjudicate Shewmake liable; and that appellant U. S. F. & G. cannot complain of an error against a codefendant which is correct as to appellant. It is undisputed that Shewmake was one of Collins' employers. The orders of the attorney-referee and the Commission failed to adjudicate that he is liable for payment of compensation, although the statute expressly provides that he is. The apparent effect of the order is to release Shewmake from liability for compensation, and this was an error. We think that U. S. F. & G. has an appealable interest in the correctness of the order of the Commission apparently discharging Shewmake. Ruff v. Montgomery, 83 Miss. 185, 36 So. 67 (1904). Hence the order of the Commission is modified so as to adjudicate liability for payment of compensation against Shewmake in addition to Box and U. S. F. & G.

4.

Full compensation was secured by Box. The liability of his insurer is as broad as that of Box. Code Section 6998-39. So payment of compensation was secured by the subcontractors. The prime contractors have no liability "unless" claimant's employer has failed to secure coverage. That event did not occur.

Appellant U. S. F. & G. contends that Section 6998-04 means that the prime contractor is not released until all of the subcontractors, not merely one of them, has secured compensation; and that therefore the prime contractor, Memphis, and its carrier, American Casualty Company, are liable for one-half of the benefits applicable to Shewmake. However, this suggested interpretation is not consistent with the express terms of Code Section 6998-04. It provides that the contractor is liable for compensation "unless the subcontractor has secured

such payment.'' Shewmake and Box, through Box, secured payment of compensation under the full coverage provisions of the act. Since the insurer of one partner is liable for compensation benefits to the partnership employees, this constitutes the securing of payment by the subcontractor. Securing of payment under the act does not depend upon whether all or only one of the partners have purchased a compensation policy. The question is whether any of the partners, all of whom are jointly and severally liable, have secured a policy which covers employees of the members as partners. That was done here, so the secondary liability of the prime contractor and its carrier does not take effect as a direct obligation under Section 6998-04.

5.

The remaining question is with reference to the respective rights of the two carriers, appellant U. S. F. & G. and appellee, American Casualty Company, as to payments of compensation which have already been made by American Casualty Company.

Collins was injured on September 18, 1954. Thereafter the prime contractor, Memphis, and its carrier, American Casualty Company, and also Shewmake and Box, and their carrier, U. S. F. & G. were notified of the accident. All of these parties investigated it. Memphis and American Casualty Company made demand upon U. S. F. & G. for the latter to pay compensation to the employee, but U. S. F. & G. concluded, after investigation, that it was not liable and refused to pay benefits to Collins. A representative of American Casualty discussed the matter with the Chairman of the Workmen's Compensation Commission, and was advised by him that, if American Casualty began payment of benefits and it was later decided that it was not liable for them, it would not be prejudiced by such payments. For that reason, and also because of possible penalties under the act for failure to make pay-

ments, and because of the need of the injured employee for compensation, he having a wife and four children to support, Memphis and American Casualty Company paid up to May 14, 1955, some what less than $2,489.42 in weekly benefits and medical expenses. On that date a petition for a hearing on Collins' claim for compensation against Shewmake and Box and U. S. F. & G. was filed by Collins, Memphis, and American Casualty Company. The petition set up these facts, and alleged that Shewmake and Box, and U. S. F. & G. were liable for the compensation benefits, and further alleged that, to the extent, of payments made by Memphis and American Casualty to Collins, they were entitled to be subrogated to the rights of Collins as against Shewmake and Box and U. S. F. and G.

The order of the attorney-referee recited that the claim of Memphis and American Casualty "for reimbursement of compensation benefits paid is not a claim for compensation over which the Commission has power and authority to adjudicate." But his order then adjudged that Collins was entitled to temporary total disability benefits of $25 per week from September 8, 1954, to August 1955 "less amount already paid therefor by American Casualty Company provided proper evidence of reimbursement to American Casualty Company is filed with the Commission." The order further provided for weekly benefits from the latter date of $18.15 per week, not to exceed the maximum of $8,600, "less amount already paid therefor by American Casualty Company provided proper evidence of reimbursement to American Casualty Company is filed with the Commission."

The Commission affirmed the order of the attorney-referee except that it deleted from it the quoted provisions. The Commission stated that it was "of the opinion that the referee and the Commission are without authority to require one compensation insurance carrier to make reimbursement for payments of compensation to another

insurance carrier.'' The circuit court affirmed the Commission.

Appellant U. S. F. & G. contends that the effect of the Commission's order is to award appellee Collins a double recovery to the extent of the compensation already paid him by American Casualty; that all Collins asked for was compensation under the act; and that such double recovery was beyond the power of the Commission to order. Appellees, Memphis and American Casualty Company, took a cross appeal from the order of the Commission, insofar as it adjudged that the Commission had no power to require U. S. F. & G. to reimburse American Casualty for payments of compensation and medical expenses already paid by American Casualty. They say that the attorney-referee's order was correct by, in effect, requiring U. S. F. & G. to reimburse American Casualty for payments made by the latter.

It is said that this is a secondary and purely procedural question of jurisdiction of the Commission in ordering how awards are to be paid. Section 6998-22 exempts from all claims of creditors and from levy, execution and attachment benefits payable under the compensation act. Section 6998-24 provides: ''The commission shall have full power and authority to determine all questions relating to the payment of claims for compensation.'' And Section 6998-43 (d) states: ''The commission shall have the powers and duties necessary for affecting the purposes of this act . . .'' Appellees assert that Collins has waived his lien on payments to him insofar as they would constitute a double recovery; and that the Commission under these statutes has power to make an award, and then to regulate the method of payment, either by ordering, at the instance of claimant, a part paid directly to American Casualty, or by fixing a lien theron in favor of American Casualty. It is argued that the existence of this power would do equity and justice, claimant would

receive full compensation, a multiplicity of suits would be avoided, and U. S. F. & G. would not be paying more than it was liable for under the act.

In response, U. S. F. & G. argues that American Casualty paid compensation of medical benefits and expenses voluntarily and, as a volunteer, is not entitled to be reimbursed; that the Commission has no authority to make awards in favor of anyone except employees and their dependents; and that its authority does not extend to controversies between insurance carriers. Appellees have never made any claim against Collins for reimbursement.

Appellant U. S. F. & G. also contends that the order of the Commission was in error, in directing it to pay Collins' compensation from the date of his injury; that it should have ordered appellant to pay only from the time of the last payment of compensation by American Casualty, and to take care of all of the medical expenses which have not already been paid by American Casualty; that the Commission's order directs a double recovery in favor of Collins as to benefits and medical expenses which have already been paid by American Casualty.

■■ ■ In brief, this proposition involves two questions: (1) Whether the Commission has power to direct one insurance carrier to reimburse another for payments erroneously made by the latter; and (2) whether the Commission erred in ordering U. S. F. & G. to make duplicate payments of compensation and medical benefits as to those precedently made by American Casualty.

With reference to the first question, practically all of the cases which have dealt with this issue have held that compensation agencies have no power to order reimbursement in a controversy between two insurers. 2 Larson's, Workmen's Compensation Law (1952), Section 92.40 states: ". . . when the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for

relief. This may occur when the question is purely one between two insurers, one of whom alleges that he has been made to pay an undue share of an award to a claimant, the award itself not being under attack.'' Ocean Accident & Guaranty Corp. v. United States Fidelity & Guaranty Co., 63 Ariz. 352, 162 P. 2d 609 (1945); Colonial Insurance Company v. Industrial Accident Commission, 29 Cal. 2d 79, 172 P 2d 884 (1946); Employers Mutual Liability Insurance Company v. Ind. Commission, 230 Wis. 374, 284 N. W. 40 (1939); *aliter,* if commission's own order apportions liability, Glens Falls Indemnity Company v. Liberty Mutual Insurance Company, 202 Ga. 752, 44 S. E. 2d 543 (1947).

Some of the cases denying the power of administrative reimbursement are Employers Mutual Liability Insurance Company v. Industrial Commission, supra; New Amsterdam Casualty Company v. Commercial Casualty Insurance Company, 129 Mis. 466, 222 N. Y. S. 701 (1927); State Compensation Insurance Fund v. Industrial Accident Commission, 20 Calif. 2d 264, 125 P. 2d 42 (1942); State Compensation Insurance Fund v. Industrial Accident Commission, 73 Calif. 2d 248, 166 P. 2d 310 (1946). See also Allen v. Raftery, 237 Mo. App. 542, 174 S. W. 2d 345 (1943); Anno., 127 A. L. R. 473, 482 (1940). The reasoning adopted by these decisions is that a compensation commission is an administrative agency exercising only powers which are specifically granted to it by statute. That does not authorize a commission to try equitable and legal issues involved when a payment of money is made by one through a mistake of fact and law when such payment operates to discharge an obligation imposed upon another by statute. We think that these principles apply also to the Mississippi Workmen's Compensation Commission.

Appellee, American Casualty Company, cites in support of its position only one case which holds to the

contrary: Toenberg v. Harvey, 235 Minn. 61, 49 N. W. 2d 578 (1951). Although some considerations of equity, the efficient disposition of controversies, and the avoidance of multiplicity of suits are in favor of the Minnesota rule, we do not think that the Mississippi Compensation Act impliedly authorizes the Commission to effect reimbursement between insurance carriers or that it was the legislative intent. It should also be noted that the Minnesota statute referred to in the Toenberg case authorized that commission to order reimbursement to an insurer which, doubtful about its liability, makes payments under a prior commission order, and it is later determined that insurer is not liable. Perhaps a provision of that sort is desirable, but the Mississippi Act contains none. At any rate, the Minnesota Court apparently felt warranted in implying from that provision the closely related power of directing reimbursement in the absence of an express order of its commission. Hence the Mississippi Commission was correct in holding that it had no power to direct appellant, U. S. F. & G., to reimburse appellee, American Casualty Company, for compensation payments erroneously made by American Casualty Company.

■■ However, the Commission was in error in directing the appellant, U. S. F. & G., to make duplicate payments of compensation to Collins as to payments already made to him by American Casualty Company, and further in ordering duplicate payments of medical expenses. U. S. F. & G. is liable to Collins for all benefits and medical expenses under the Act from the time of injury. Payments for the period that claimant has heretofore received compensation are suspended without prejudice to the rights of the two insurance companies involved to determine their rights in an independent action. To that extent the order of the Commission is modified and U. S. F. & G. is directed to make payments of weekly benefits and medical expenses to Collins less that

part which he has heretofore received and less that part of medical expenses which have heretofore been paid by American Casualty Company. This case is remanded to the Commission.

Affirmed as modified, and remanded.

All Justices concur, except *McGehee, C. J.,* and *Kyle, J.,* who took no part.

## ON MOTION TO CORRECT JUDGMENT

July 3, 1957 96 So. 2d 456

The motion to correct judgment, filed herein by ap pellants Box and United States Fidelity & Guaranty Company, is sustained in part; in other respects it is overruled. The judgment entered is hereby corrected to read as follows:

"This cause having been submitted at a former day of this term on the record herein from the Circuit Court of Leflore County, and this Court having sufficiently examined and considered the same and being of the opinion that the cause should be affirmed as modified on direct appeal, and affirmed on cross-appeal, as set forth in the opinion herein, doth order and adjudge that the judgment of said Circuit Court rendered in this cause on the 26th day of October 1956 was in error in directing the appellants, United States Fidelity & Guaranty Company and Buren B. Box, to make duplicate payments of compensation to the appellee, Collins, as to payments already made to him by American Casualty Company and Memphis Stone and Gravel Company, and further in ordering duplicate payments of medical expenses. And it is adjudged that United States Fidelity & Guaranty Company, Buren B. Box and William C. Shewmake are liable to the appellee, Collins, for all benefits and medical expenses under the act from the time of injury, but payments for the period that said claimant has heretofore received

compensation are suspended without prejudice to the rights of United States Fidelity & Guaranty Company and American Casualty Company to determine their rights in an independent action, and to the foregoing extent the order of the Commission and Circuit Court is modified, and United States Fidelity & Guaranty Company, Box and Shewmake are directed to make payments of weekly benefits and medical expenses to the claimant-appellee Collins less that part which he has heretofore received and less that part of medical expenses which have heretofore been paid by American Casualty Company, and the cause is remanded to the Commission. It is further ordered and adjudged that each installment of compensation shall bear interest from the due date thereof until paid at the rate of 6 per centum per annum, and the claimant is entitled to damages at the rate of 5 per centum calculated on any unpaid installments of compensation with interest that has accrued to this date; and all costs in this Court and in the court below are taxed equally against appellants, and appellee Shewmake and appellees and cross-appellants Memphis Stone and Gravel Company and American Casualty Company."

Appellees and cross-appellants, Memphis Stone and Gravel Company and American Casualty Company, have filed a motion to overrule part of appellant's motion to correct judgment. It is overruled.

Appellants' motion to correct judgment sustained in part, and overruled in part; appellees' motion to overrule part of appellants' motion to correct judgment overruled.

All Justices concur, except *McGehee, C. J.*, who took no part.