HERRIN *v.* ALAN WETZEL LUMBER COMPANY

No. 42408          October 15, 1962          145 So. 2d 690

*Morse & Smith,* Poplarville, for appellant.

*Fred Lotterhos, Daniel, Coker & Horton,* Jackson, for appellees.

JONES, J.

The question here presented is whether the Workmen's Compensation Commission is authorized and has jurisdiction to order reformation of an insurance policy. The Commission and the Circuit Court of Adams County held that it did not.

The question arose in this way: Claimant was employed by one Saucier, who was an independent contractor performing logging operations for Alan Wetzel Lumber Company. The Lumber Company had Saucier and others engaged in these logging operations. Bituminous Casualty Company was the insurance carrier for Wetzel. Appellant was injured in the course and scope of his employment. The carrier paid certain benefits and then payments were stopped, presumably upon

learning that claimant was an employee of an independent carrier.

Claimant filed with the Commission a petition against the Lumber Company, the named carrier, and Harvey Saucier, alleging, in substance, the facts hereinabove stated, and also charging that there was a specific agreement between the parties that the policy issued by Bituminous Casualty Company would cover the employees of Saucier and others similarly engaged; that pursuant to said agreement the said lumber company contracted with the casualty company to furnish such compensation insurance, and thereafter paid to the carrier the amount of $1.80 per thousand on all timber cut or hauled to its mill at Natchez or elsewhere by the said Saucier and others so situated; that the sum so paid was for insurance covering this claimant and others similarly situated. Further payment having been denied, claimant filed his petition with the Commission and his prayer was that upon a final hearing the Commission order a reformation of the insurance policy mentioned.

Counsel, in support of his contention that the Commission has jurisdiction to reform such an instrument when it is ancillary to the determination of the employee's right, cites cases in support of such contention from three states, towit: New York, California and Kansas. Both New York and California seem to have a Commission established under constitutional provisions that are very different from the provisions of our Constitution. Royal Indemnity Co. v. Heller, et al (New York), 176 N.E. 410; Bankers Indemnity Insurance Company v. Industrial Accident Commission (Cal.), 47 P. 2d 719. The State of Kansas has a different situation regarding its statutes and the holding of its courts with reference to the power of the Legislature to confer judicial power upon the Commission. Employers' Liability, etc. v. Matlock, 98 P. 2d 456. A collation of authorities of states apparently have constitutional and statutory

provisions similar to ours and denying the jurisdiction of the Commission to reform may be found in Kelly v. Howard, et al. (Mo.), 123 S. W. 2d 584. However, it is not necessary to look to other states.

Our Workmen's Compensation Commission was set up for the purpose of administering the workmen's compensation act and the statute only requires that one member thereof be an attorney. The other two are or may be laymen. Such boards are generally regarded as administrative boards (100 C.J.S. 128, Sec. 379(e)), not constituting a part of the judicial system of a state. This Court has considered and treated the Workmen's Compensation Commission as an administrative agency. U.S.F. & G. Co. v. Collins, 231 Miss. 319, 95 So. 2d 456; Central Electric Power Assn. v. Hicks, 236 Miss. 378, 110 So. 2d 251. In the Collins case, supra, there was sought to be invoked the equitable power of subrogation as between two insurance carriers and the employee. Such power was denied by this Court. The opinion in that case, after citing a number of authorities denying the power to require reimbursement of a carrier which had erroneously made payments, said:

"The reasoning adopted by these decisions is that a compensation commission is an administrative agency exercising only powers which are specifically granted to it by statute. That does not authorize a commission to try equitable and legal issues involved when a payment of money is made by one through a mistake of fact and law when such payment operates to discharge an obligation imposed upon another by statute. We think that these principles apply also to the Mississippi Workmen's Compensation Commission."

This case need not be considered a precedent, but it is highly persuasive and forecasts the ruling of this Court in a suit of this nature.

██ ██ Reformation, of course, is an equitable doctrine. Griffith's Chancery Practice, 2d ed., Section 24. Section

159 of our Constitution provides that the chancery court shall have full jurisdiction in ". . . . all matters of equity. . . ."

To hold that the Workmen's Compensation Commission had authority and jurisdiction to hear and determine cases of reformation of written instruments would be contrary to the provision of our Constitution above mentioned.

The Commission sustained a demurrer and dismissed the petition to reform; and directed its secretary to set the claim for further hearing on the merits. This order of the Commission was affirmed by the Circuit Court.

Without prejudice to the right of the claimant to pursue in a court of proper jurisdiction any right that he may have, if any, to reform, this case is affirmed and remanded to the Commission.

Affirmed and remanded.

*Lee, P. J., and Kyle, Ethridge and Rodgers, JJ.,* concur.