MYERS, J.,
for the Court:
¶ 1. This case arises from a dispute between two workers’ compensation insurance carriers over which is liable for compensation payments. Knight Properties, Inc. employed Kenny Sanders as a subcontractor. First Comp Insurance Company, Sanders’s insurer, purported to cancel his policy for nonpayment of premiums. One of Sanders’s employees was subsequently injured on the job. The employee sought compensation, contending that Sanders did not have workers’ compensation coverage and that Knight, the general contractor, was therefore his employer under the Mississippi Workers’ Compensation Act. See Miss.Code Ann. § 71-3-7 (Rev.2000). The Commission ultimately determined that First Comp had failed to follow the statutory notice requirements when it attempted to cancel Sanders’s policy. See Miss Code Ann. § 71-3-77 (Supp.2010). It thus found that Sanders did, in fact, have workers’ compensation coverage, and it ordered First Comp to assume responsibility for future payments to the injured employee.
¶ 2. During the course of the Commission’s proceedings, Knight[1] paid more than $200,000 in compensation and medical benefits. Knight sought indemnity from First Comp, but the Commission held that it did not have jurisdiction to address that claim. Knight then brought suit in the Circuit Court of Madison County against First Comp to recover the benefits Knight had paid to the injured worker. The circuit court dismissed Knight’s indemnity suit, holding that Mississippi Code Annotated section 71-3-37(13) (Supp.2010) provides the Commission with exclusive jurisdiction to resolve issues of reimbursement between carriers. Knight appeals from that judgment.
STANDARD OF REVIEW
¶ 3. The facts are not disputed. At issue is a question of law, which we review de novo. Harrison County v. City of Gulfport, 557 So.2d 780, 784 (Miss.1990).
DISCUSSION
¶ 4. Mississippi law vests “full and complete jurisdiction to hear and determine claims for benefits under the workmen’s compensation law in the [Commission].” Everitt v. Lovitt, 192 So.2d 422, 425 (Miss.1966). The Commission has exclusive original jurisdiction over such matters, which precludes an original action in court. Id. at 426.
¶ 5. At issue in today’s case is whether the Commission’s exclusive jurisdiction extends to ordering reimbursement in a controversy between two workers’ compensation insurers. In United States Fidelity & Guaranty Company v. Collins, 231 Miss. 319, 95 So.2d 456 (1957), the Mississippi Supreme Court held that the Commission did not have this power. The court concluded:
[A] compensation commission is an administrative agency exercising only powers which are specifically granted to it by statute. That does not authorize a commission to try equitable and legal issues involved when a payment of money is made by one through a mistake of fact and law when such payment operates to discharge an obligation imposed upon another by statute.
*524 Id. at 339, 95 So.2d at 463. The supreme court quoted 2 Larson’s Workmen’s Compensation Law § 92.40 (1952), stating:
[W]hen the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between two insurers, one of whom alleges that [it] has been made to pay an undue share of an award to a claimant, the award itself not being under attack.
Id. at 338-39, 95 So.2d at 462-63.
¶ 6. Thirty years after Collins, the Mississippi Legislature added subsection 71-3-37(13) to the Act, extending the powers of the Commission to some reimbursement claims between insurers. Subsection (13) reads:
Whenever a dispute arises between two (2) or more parties as to which party is liable for the payment of workers’ compensation benefits to an injured employee and there is no genuine issue of material fact as to the employee’s employment, his average weekly wage, the occurrence of an injury, the extent of the injury, and the fact that the injury arose out of and in the course of the employment, the commission may require the disputing parties involved to pay benefits immediately to the employee and to share equally in the payment of those benefits until it is determined which party is solely liable, at which time the liable party must reimburse all other parties for the benefits they have paid to the employee with interest at the legal rate.
Subsection (13) is similar to a Minnesota statute, which that state’s supreme court had relied on to extend the jurisdiction of its workers’ compensation commission to order reimbursement between earners. See Toenberg v. Harvey, 235 Minn. 61, 49 N.W.2d 578, 583 (1951). In Collins, our supreme court discussed Toenberg as an outlying decision, noting that Mississippi had no similar statute. Collins, 231 Miss. at 340, 95 So.2d at 463.
¶ 7. The circuit court found that subsection (13) had abrogated the supreme court’s decision in Collins and that the Commission now had exclusive jurisdiction over claims for reimbursement between insurers. Knight contends the Commission’s authority in that respect is limited to the specific circumstances outlined in subsection (13) and does not give the Commission exclusive jurisdiction over all reimbursement claims. We agree.
¶ 8. This issue arose in Mississippi Loggers Self Insured Fund, Inc. v. Andy Kaiser Logging, 992 So.2d 649 (Miss.Ct.App. 2008). There, we observed that the plain language of subsection (13) only allows the Commission to order reimbursement in very specific circumstances, i.e., to amounts paid after the Commission has ordered liability shared between carriers under the first clauses of subsection (13), pending the resolution of the dispute between them.[2] Id. at 655 n. 5. The conditions “until” and “at which time” in the statute make this clear.
¶ 9. The Collins court discussed the Minnesota statute, which is very similar to subsection (13). It stated:
*525 It should also be noted that the Minnesota statute referred to in the Toenberg case authorized that commission to order reimbursement to an insurer which, doubtful about its liability, makes payments under a prior commission order, and it is later determined that insurer is not liable. Perhaps a provision of that sort is desirable, but the Mississippi [a]ct contains none. At any rate, the Minnesota [c]ourt apparently felt warranted in implying from that provision the closely related power of directing reimbursement in the absence of an express order of its commission.
Collins, 231 Miss. at 340, 95 So.2d at 463 (citation omitted). Our supreme court appears to have been skeptical of the Minnesota court’s use of their statute to expand their commission’s powers. As the Collins court noted, the Toenberg decision was an outlier — “practically all of the cases” from other states reached the opposite conclusion. Id. at 338, 95 So.2d 462. At best, subsection (13) could allow a court to imply greater authority to the Commission than is expressly granted by the statute; it does not require that result. Instead, the Collins court emphasized that the Commission may exercise only those powers which are specifically granted to it by statute. Id. at 339, 95 So.2d at 463. Collins remains the controlling law in Mississippi.
¶ 10. As contrary authority, First Comp relies on two decisions where the United States District Court in the Northern District of Mississippi briefly commented on subsection (13). In one unpublished decision, the district court held that it did not have removal jurisdiction over a reimbursement action because it arose under Mississippi workers’ compensation law. See Eutaw Constr. Co., Inc. v. N. Ark. Wholesale Co., 1997 WL 560914 (N.D.Miss. 1997). The court stated that through subsection (13), the “Mississippi Legislature has granted the [CJommission with the authority to order reimbursement between carriers.... ” It did not elaborate further. In another case, the district court suggested the possibility that subsection (13) enlarged the Commission’s powers when it “agreed” with a party’s contention that a contribution action[3] “should have been brought, if at all, before the Mississippi Workers Compensation Commission pursuant to [section] 71-3-37(13).” Travelers Prop. and Cas. Co. of Am. v. City of Greenwood Fire Dep’t, 441 F.Supp.2d 776, 779 (N.D.Miss.2006). Neither of these decisions directly addressed the scope of the authority extended to the Commission by subsection (13), and their cursory treatment of the issue provides little persuasive authority.
¶ 11. The reimbursement clause of subsection (13) provides the Commission with the power to order reimbursement under very specific and limited circumstances. The Commission exercises “only powers which are specifically granted to it by statute.” Collins, 231 Miss. at 339, 95 So.2d at 463. We will not imply a broader power over all claims for reimbursement between insurers. Thus, we find that the Commission does not have exclusive jurisdiction and that the circuit court erred in dismissing Knight’s indemnity suit for want of jurisdiction.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
*526 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. For convenience we shall refer to Knight and its insurer, the Builders and Contractors Association of Mississippi, simply as ''Binight.”

. Our decision in Kaiser was complicated by a prior appeal in that case. The circuit court had held that the Commission had authority to order reimbursement under subsection 13. That judgment was not appealed further. The case was then remanded to the Commission for further findings. In the second appeal, we observed that the circuit court’s holding in the first appeal was erroneous, but we held that it was the law of the case because a mandate had been issued. This Court ultimately affirmed the Commission's findings.

. One carrier sought to apportion liability for workers' compensation benefits for an injury that allegedly resulted from multiple employments.