Rodgers *v.* Phillips Lumber Company et al.

No. 41907 June 5, 1961 130 So. 2d 856

*Leon E. Provine, William A. Lomax,* Grenada, for appellant.

*Satterfield, Shell, Williams & Buford,* Jackson, for appellee.

GILLESPIE, J.

■■■ The main issue on this appeal is whether Metts, for whom claimant worked, was an independent contractor. The Commission found on ample evidence that appellee, Phillips Lumber Company, entered into a contract with Metts to cut timber, manufacture the logs into rough lumber and deliver it to Phillips Lumber Company mill for a certain sum per thousand board feet, and that Metts was an independent contractor and his employees, including claimant, were not employees of Phillips Lumber Company. Since the Commission's findings were based on substantial evidence there is no basis for this Court to reverse.

Claimant also contends that Phillips Lumber Company is liable to him for compensation under the last paragraph of Code Section 6998-04, which is as follows: "In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment." The facts relating to this contention are: Phillips Lumber Company is in the business of manufacturing rough lumber into finished lumber. It buys most of the rough lumber from other mills. It also buys timber lands and contracts with others to cut the trees, saw

them into rough lumber, and deliver it to Phillips' mill. In this particular instance it bought timber from Koppers Company, the landowner, and paid a certain sum based on the quantity of logs cut, which were measured as cut by an employee of Koppers Company. Phillips contracted with Metts to cut the timber, haul it to Metts' mill, saw the logs into rough lumber and deliver it to Phillips' mill. Metts, as already stated, was independent in carrying out this contract. Metts did not carry Workmen's Compensation Insurance. We assume, without deciding, that he employed more than seven employees.

A concise definition of a subcontractor is given in Mississippi Workmen's Compensation, Dunn, Sec. 10, p. 7 as follows: "A subcontractor is one who enters into a contract, express or implied, for performance of an act with a person who has already contracted for its performance, or who takes a portion of a contract from the principal or prime contractor."

Cf. Mosley v. Jones, 224 Miss. 725, 80 So. 2d 819.

■■■ Phillips Lumber Company was the owner of the timber upon severance from the land. It was not a prime contractor—it had not already contracted for the performance of that done under its contract with Metts. Its contract with Metts was a contract, not a subcontract. We find no merit in the contention based on the last paragraph of Code Section 6998-04.

Affirmed.

*Lee, P. J.,* and *Kyle, Ethridge,* and *Jones, JJ.,* concur.