992 So.2d 649 (2008)
MISSISSIPPI LOGGERS SELF INSURED FUND, INC., Appellant,
v.
ANDY KAISER LOGGING, KCS Lumber Co., Indiana Lumbermen's Insurance Company and Mississippi Pacific Co., Appellees.
No. 2007-WC-00554-COA.
Court of Appeals of Mississippi.
May 6, 2008.
Rehearing Denied August 5, 2008.
Certiorari Denied October 16, 2008.
*650 Steven D. Slade, Meridian, attorney for appellant.
Christopher Eric Kelley, Natchez, Clifford B. Ammons, Jackson, Suzanne N. Saunders, Canton, Anastasia G. Jones, Jackson, attorneys for appellees.
Before LEE, P.J., CHANDLER and BARNES, JJ.
CHANDLER, J., for the Court.
¶ 1. This appeal concerns the efforts by the Mississippi Loggers' Self-Insured Fund (the Fund), over an approximate ten-year period, to recoup the workers' compensation benefits it paid to Howard McDonald under the mistaken belief that it insured his employer, Andy Kaiser Logging (Kaiser). In 1995, the Fund provided workers' compensation insurance for Kaiser's employees. McDonald suffered a compensable injury on April 3, 1996, while Kaiser was conducting logging operations on a parcel of land known as the Selman tract. The Fund paid $177,586 in benefits to McDonald under a reservation of rights. Later, the Mississippi Workers' Compensation Commission (Commission) determined that the Fund had effectively cancelled Kaiser's workers' compensation *651 insurance policy before the date of McDonald's injury.
¶ 2. The Fund sought reimbursement of the benefits it had mistakenly paid to McDonald from Kaiser and from three companies that owned timber on the Selman tract: KCS Lumber Company (KCS), Columbus Lumber Company (Columbus), and Tri-Lake Timber Company (Tri-Lake). The Fund filed a notice of lien and a motion for reimbursement of lien, seeking a determination of the party solely liable for the payment of McDonald's benefits pursuant to Mississippi Code Annotated section 71-3-37(13) (Supp.2007). The Fund argued that either KCS, Columbus, or Tri-Lake was responsible for providing workers' compensation coverage for McDonald. The Commission initially held that section 71-3-37(13) did not apply, but on appeal, the circuit court remanded the case to the Commission to determine the solely liable party.
¶ 3. On remand, the Commission determined that Kaiser was the party solely liable for workers' compensation coverage for McDonald. The circuit court affirmed this determination. The Fund appeals, arguing: (1) that the Commission erroneously interpreted and applied section 71-3-37(13) in making its liability determination and (2) that the Commission's determination that Kaiser was the solely liable party was unsupported by substantial evidence.
¶ 4. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 5. Kaiser was a logging company owned and operated by Andy Kaiser, with several subordinate employees. KCS operated a high-grade hardwood sawmill. On March 18, 1996, KCS purchased all the merchantable hardwood and pine timber, with certain exclusions, on the Selman tract. Columbus, which operated a pine sawmill, bought the pine timber from KCS. Tri-Lake was in the business of buying miscellaneous wood and selling it to various sawmills, and it purchased the low-grade hardwood pulpwood logs from KCS.
¶ 6. KCS, Columbus, and Tri-Lake each arranged for Kaiser to harvest its wood from the Selman tract and to haul it to the specific sawmills. Kaiser used its own equipment during the operations. Representatives from each company occasionally came to the Selman tract to check on Kaiser's operations. Company representatives told Kaiser what size logs to cut for each sawmill, but they did not direct how Kaiser's work was to be performed. Each company paid Kaiser per load of logs, and none of the companies paid unemployment taxes for Kaiser.
¶ 7. On April 3, 1996, during logging operations on the Selman tract, Kaiser's employee, McDonald, was struck by a falling pulpwood tree and severely injured. McDonald filed a petition to controvert against Kaiser, and the Fund commenced the payment of workers' compensation benefits to McDonald. Subsequently, the Fund filed a motion for summary judgment requesting its dismissal from the case because it allegedly had cancelled Kaiser's workers' compensation insurance for non-payment of premiums effective December 25, 1995.[1] On April 17, 1997, the *652 Fund moved to discharge or suspend its payment of benefits to McDonald.
¶ 8. After a hearing, on August 18, 1997, an administrative law judge found that the Fund had effectively cancelled Kaiser's policy pursuant to Mississippi Code Annotated section 71-3-77 (Supp.2007), by giving the requisite statutory notice to Kaiser and to the Commission. The administrative law judge decreed that, because the Fund had cancelled the policy before McDonald's injury, the Fund was relieved of any further liability for payment of benefits to McDonald. The administrative law judge also held that Kaiser was responsible for providing all further compensation payments due to McDonald. Kaiser filed a petition for full Commission review of the administrative law judge's order. The full Commission dismissed Kaiser's petition with prejudice because issues remained to be determined by the administrative law judge.[2]
¶ 9. On April 3, 1998, McDonald filed petitions to controvert against KCS, Columbus, and Tri-Lake. Each of these companies had a workers' compensation insurance policy in effect on the date of McDonald's injury. All three companies answered, and each denied that McDonald was employed by the company on the date of his injury.[3] The Fund filed a "Notice of Lien and Request for Relief" and a "Motion for Reimbursement of Lien Under § 71-3-37(13) or For Ultimate Determination of Liable Party/Parties." The Fund contended that the order of the administrative law judge, finding that the Fund had not insured Kaiser at the time of the injury, created a lien in favor of the Fund for the benefits it had mistakenly paid in the amount of $177,586. The Fund argued that McDonald's petitions to controvert against KCS, Columbus, and Mississippi Pacific/Tri-Lake necessitated a Commission determination of whether any of these companies was liable to pay benefits under Mississippi Code Annotated section 71-3-7 (Rev.2000) as McDonald's statutory employer. The Fund also contended that, under Mississippi Code Annotated section 71-3-37(13), the Commission should order Kaiser, KCS, Columbus, and Mississippi Pacific/Tri-Lake to pay the lien of the Fund pro rata until a determination of the solely liable party was made, whereupon the solely liable party would be ordered to reimburse the other parties. Section 71-3-37(13) provides:
Whenever a dispute arises between two (2) or more parties as to which party is liable for the payment of workers' compensation benefits to an injured employee and there is no genuine issue *653 of material fact as to the employee's employment, his average weekly wage, the occurrence of an injury, the extent of the injury, and the fact that the injury arose out of and in the course of the employment, the commission may require the disputing parties involved to pay benefits immediately to the employee and to share equally in the payment of those benefits until it is determined which party is solely liable, at which time the liable party must reimburse all other parties for the benefits they have paid to the employee with interest at the legal rate.
¶ 10. On October 25, 2000, a second administrative law judge denied the Fund's request for relief, finding that section 71-3-37(13) was inapplicable because: (1) the Commission had already determined Kaiser to be the liable party, (2) there were disputed fact issues concerning the "employee's employment" because the issue of whether McDonald was a statutory employee of any of the three companies was unresolved, and (3) the employee's right to benefits was not compromised because McDonald had already been paid. The administrative law judge stated that the Fund "may pursue recovery in another forum until such time as a reimbursement may be had consistent with the terms of section 71-3-37(13). The full Commission affirmed the order of the administrative law judge. The Fund appealed to the Circuit Court of Lawrence County.
¶ 11. In an August 9, 2001, judgment, the circuit court held that section 71-3-37(13) bestows authority upon the Commission to order reimbursement among two or more insurance carriers disputing liability for workers' compensation benefits when the employee's right to specific benefits is not disputed. The circuit court found that the Commission had erred by finding that the outstanding issue of McDonald's statutory employment precluded application of section 71-3-37(13). The circuit court held that section 71-3-37(13) was applicable to this case because the parties did not dispute the compensability of the injury, only whether KCS, Columbus, Mississippi Pacific/Tri-Lake, or Kaiser was the party solely liable for payment of the benefits due. In other words, the circuit court held that the statutory employer issue was not a genuine issue of material fact as to the "employee's employment," but rather as to the dispute over which party was solely liable. The circuit court reversed and remanded the case to the Commission with instructions for the Commission to determine which party was solely liable and to order that party to reimburse the Fund for the benefits it had paid.
¶ 12. On remand to the Commission, a third administrative law judge held a hearing on the issue of whether KCS, Columbus, or Mississippi Pacific/Tri-Lake was solely liable for the payment of compensation to McDonald by having been his statutory employer under section 71-3-7. Section 71-3-7 provides in pertinent part:
Every employer to whom this chapter applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions.
In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.
Under this statute, the general contractor is the "statutory employer" of a subcontractor's employees for the purpose of liability for workers' compensation benefits. Richmond v. Benchmark Constr. Corp., 692 So.2d 60, 63 (Miss.1997). The administrative law judge heard testimony from *654 representatives of KCS, Columbus, and Mississippi Pacific/Tri-Lake and reviewed Andy Kaiser's deposition. The administrative law judge found that neither KCS, Columbus, nor Mississippi Pacific/Tri-Lake had been McDonald's statutory employer because Kaiser was not a subcontractor of any of the three companies. Therefore, Kaiser was the party solely liable for those benefits due to McDonald.
¶ 13. The full Commission affirmed the finding of the administrative law judge, and the Fund appealed. The Fund argued that the Commission's decision that Kaiser was the solely liable party was not supported by substantial evidence because a letter entered into the record indicated that Mississippi Pacific/Tri-Lake had agreed to provide workers' compensation coverage for Kaiser's logging activities on the Selman tract. The Circuit Court of Lawrence County affirmed, finding that the Commission's decision was supported by substantial evidence and was not arbitrary and capricious.
¶ 14. The Fund now appeals to this Court, arguing that the Commission erred by limiting its determination of the solely liable party issue to a statutory employer analysis. The Fund contends that the Commission failed to consider the existence of a contractual arrangement for Mississippi Pacific/Tri-Lake to insure Kaiser's employees, and the letter was uncontradicted evidence that established Mississippi Pacific/Tri-Lake as the solely liable party.[4]

STANDARD OF REVIEW
¶ 15. This Court adheres to a limited standard of review of decisions of the Commission. Raytheon Aerospace Support Servs. v. Miller, 861 So.2d 330, 335(¶ 9) (Miss.2003). The Commission sits as the finder of fact, and it is the ultimate judge of the credibility of the witnesses. Barber Seafood, Inc. v. Smith, 911 So.2d 454, 461(¶ 27) (Miss.2005). Under our standard of review, we may not reverse the Commission's decision unless its findings lacked the support of substantial evidence and were arbitrary and capricious. Ga. Pac. Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991). "This Court will not determine where the preponderance of the evidence lies when the evidence is conflicting, the assumption being that the Commission, as the trier of fact, has previously determined which evidence is credible, has weight, and which is not." Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1297 (Miss.1990). However, we review the Commission's application of law de novo. Spann v. Wal-Mart Stores, Inc., 700 So.2d 308, 311(¶ 12) (Miss.1997). When the Commission accepts the findings and conclusions of the administrative law judge, this Court reviews those findings and conclusions as those of the Commission. McDowell v. Smith, 856 So.2d 581, 585(¶ 10) (Miss.Ct.App.2003).
LAW AND ANALYSIS
WHETHER THE COMMISSION ERRED BY MISINTERPRETING AND MISAPPLYING SECTION 71-3-37(13), AND WHETHER ITS FINDING THAT KAISER WAS THE SOLELY LIABLE PARTY WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.
¶ 16. The Fund argues that the Commission committed an error of law in its interpretation of section 71-3-37(13). The Fund argues that the Commission erroneously limited its analysis of whether KCS, Columbus, or Mississippi Pacific/Tri-Lake *655 was the solely liable party to a consideration of whether any of these companies was McDonald's statutory employer.[5] The Fund contends that a determination of the solely liable party under section 71-3-37(13) is not co-extensive with a statutory employer analysis under section 71-3-7. It asserts that there was uncontradicted evidence before the Commission that Mississippi Pacific/Tri-Lake had agreed to provide workers' compensation insurance to Kaiser and that this agreement effectively shifted liability to Mississippi Pacific/Tri-Lake even though that entity was not Kaiser's statutory employer under section 71-3-7. The Fund requests that this Court reverse the judgment of the circuit court and render a judgment in its favor against Mississippi Pacific/Tri-Lake and its carrier.
¶ 17. In its order, the Commission found that neither KCS, Columbus, nor Mississippi Pacific/Tri-Lake had been McDonald's statutory employer. The Commission found that, based on the testimony of Andy Kaiser and of representatives of the three companies, Kaiser was an independent contractor within the definition of Mississippi Code Annotated section 71-3-3(r) (Rev.2000), which states:
"Independent contractor" means any individual, firm or corporation who contracts to do a piece of work according to his own methods without being subject to the control of his employer except as to the results of the work, and who has the right to employ and direct the outcome of the workers independent of the employer and free from any superior authority in the employer to say how the specified work shall be done or what the laborers shall do as the work progresses, one who undertakes to produce a given result without being in any way controlled as to the methods by which he attains the result.
The Commission based its finding upon the testimony that Kaiser was hired by each of the three companies to cut timber to specified sizes and deliver it to certain sawmills. Also, Kaiser controlled the methods by which these results were accomplished. Kaiser hired its own employees. Kaiser was paid per load of wood on terms it negotiated with each company, and none of the companies paid unemployment taxes for Kaiser.
¶ 18. The Commission also found that Kaiser was not a subcontractor of any of the three companies; therefore, Kaiser's employee, McDonald, was not a statutory employee of any of the three companies under section 71-3-7. While not every independent contractor is a subcontractor, every subcontractor is an independent contractor. Nash v. Damson Oil Corp., 480 *656 So.2d 1095, 1100 (Miss.1985). "A subcontractor is one who enters into a contract, express or implied, for performance of an act with a person who has already contracted for its performance, or who takes a portion of a contract from the principal or prime contractor." Rodgers v. Phillips Lumber Co., 241 Miss. 590, 593, 130 So.2d 856, 857 (1961) (quoting Dunn, Mississippi Workmen's Compensation, § 10).
¶ 19. Section 71-3-7 makes a contractor liable for the payment of compensation to a subcontractor's employees, "unless the subcontractor has secured such payment." See Lamar v. Thomas Fowler Trucking, Inc., 956 So.2d 878, 882-83(¶ 15) (Miss.2007). Thus, when there are subcontractors, the Act makes the contractor, or "statutory employer," the guarantor of workers' compensation benefits for the subcontractors' employees. Richmond, 692 So.2d at 63. The purpose of this provision is "to prevent the general contractor from escaping liability by employing subcontractors who [are] not financially responsible and leaving the employees unprotected." Mills v. Barrett, 213 Miss. 171, 174-75, 56 So.2d 485, 486 (1952).
¶ 20. For an employee to be a "statutory employee," the employee must be employed by a subcontractor in a contractor-subcontractor relationship. In Rodgers, the owner of certain timber contracted with a logger to harvest the timber, saw it into rough lumber, and haul it to the owner's mill. Rodgers, 241 Miss. at 592-93, 130 So.2d at 857. The logger did not have workers' compensation insurance. Id. at 593, 130 So.2d at 857. One of the logger's employees sought to recover workers' compensation benefits from the timber owner by claiming that the timber owner was his statutory employer. Id. at 592, 130 So.2d at 857. The supreme court rejected the employee's claim because the timber owner "had not already contracted for the performance of that done under its contract with [the logger]. Its contract with [the logger] was a contract, not a subcontract." Id. at 593, 130 So.2d at 858. The facts surrounding Kaiser's performance of logging activities for KCS, Columbus, and Mississippi Pacific/Tri-Lake are almost exactly the same as those in Rodgers. Neither of the three companies had already contracted for the performance of the work done by Kaiser; therefore, Kaiser was a contractor, not a subcontractor, of the three timber owners. Clearly, the Commission correctly determined that neither KCS, Columbus, nor Mississippi Pacific/Tri-Lake was McDonald's statutory employer under section 71-3-7 and had no statutory responsibility to insure McDonald.
¶ 21. Because none of the three companies was McDonald's statutory employer, the Commission concluded that none of the companies was the solely liable party for the workers' compensation benefits erroneously paid by the Fund. The Commission determined that Kaiser, McDonald's employer, was the solely liable party. The Fund contends that the Commission erroneously limited its determination of the solely liable party to a statutory employer analysis. It argues that the Commission ignored evidence of a letter establishing that Mississippi Pacific/Tri-Lake had agreed to provide workers' compensation insurance to Kaiser's employees. This letter, dated April 16, 1997, was sent by Kirby Allen, a timber manager with KCS, to Steven Slade, the Fund's attorney, as part of discovery responses. The letter stated: "In regards to workers comp, we had a verbal agreement with Monty Sanders... with Tri-Lake that Tri-Lake would be responsible for the workers comp on the entire logging activities with Andy Kaiser." Citing United States Fidelity & Guaranty Co. v. Collins, 231 Miss. 319, 95 *657 So.2d 456 (1957), the Fund argues that this agreement rendered Mississippi Pacific/Tri-Lake the solely liable party, and section 71-3-37(13) empowered the Commission to order Mississippi Pacific/Tri-Lake to reimburse the Fund based on the agreement.
¶ 22. In Collins, Shewmake subcontracted with Memphis Stone & Gravel to load and haul sand and road topping to a roadbed. Id. at 328, 95 So.2d at 458. Shewmake formed a partnership with Box to perform the subcontract. Id. at 328-29, 95 So.2d at 458. Box told Shewmake that he had workers' compensation insurance that "would take care of the whole job." Id. at 329, 95 So.2d at 458. A partnership employee, Collins, was injured while performing subcontract work and sought workers' compensation benefits. Id. Box's insurer, United States Fidelity and Guaranty Co. (USF & G), refused to pay benefits on the theory that the insurance it provided to Box did not extend to the partnership of Box and Shewmake. Id. at 331, 95 So.2d at 459. The Commission found that USF & G was liable for the payment of benefits. Id. at 334, 95 So.2d at 460. The supreme court affirmed, holding that USF & G insured the partnership because the Mississippi Workmen's Compensation Act did not alter the common law rule that partners are jointly and severally liable for partnership debts. Id. at 333, 95 So.2d at 460.
¶ 23. Prior to the Commission's order, American Casualty Company, which insured Memphis Stone & Gravel, had begun paying benefits because, as the general contractor, Memphis was the statutory employer of the partnership employees and was liable for payment of compensation if the partnership lacked insurance. Id. at 335, 95 So.2d at 461. Later, American Casualty sought reimbursement from USF & G of the funds that American Casualty had paid to Collins. Id. at 336, 95 So.2d at 461. The Commission found that because USF & G insured the partnership, it was liable for all the workers' compensation benefits due to Collins. Id. However, the Commission found it lacked jurisdiction to require one compensation insurance carrier to reimburse another for compensation benefits. Id. at 336-37, 95 So.2d at 461-62. American Casualty filed a cross-appeal, arguing that the Commission could order reimbursement. Id. at 337, 95 So.2d at 462.
¶ 24. The supreme court held that there was no express or implied statutory authority empowering the Commission to order one insurance company to reimburse another insurance company for compensation benefits erroneously paid to the claimant. Id. at 340, 95 So.2d at 463. The supreme court stated that:
[A] compensation commission is an administrative agency exercising only powers which are specifically granted to it by statute. That does not authorize a commission to try equitable and legal issues involved when a payment of money is made by one through a mistake of fact and law when such payment operates to discharge an obligation imposed upon another by statute. We think these principles apply also to the Mississippi Workmen's Compensation Commission.
Id. at 339, 95 So.2d at 463.
¶ 25. The Fund argues that the rule in Collins was abrogated by the Legislature's enactment of section 71-3-37(13) in 1987. Section 71-3-37(13) allows the Commission to order pro rata payments to an injured worker before a resolution of a dispute between parties contesting sole liability. It is a provision for enabling swift recovery for an injured worker who is entitled to certain benefits despite the presence of a dispute over who must pay. Miss.Code *658 Ann. § 71-3-37(13). The statute provides for the disputing parties to share equally in the payment of benefits "until it is determined which party is solely liable, at which time the liable party must reimburse all other parties for the benefits they have paid to the employee with interest at the legal rate." Miss.Code Ann. § 71-3-37(13). No Mississippi appellate court has addressed the extent to which section 71-3-37(13) has enlarged the powers of the Commission. However, the United States District Court for the Northern District of Mississippi dismissed an insurer's contribution action in part because an "action to apportion the responsibility for workers compensation benefits should have been brought, if at all, before the Mississippi Workers Compensation Commission pursuant to § 71-3-37(13)." Travelers Prop. and Cas. Co. v. City of Greenwood Fire Dep't, 441 F.Supp.2d 776, 779 (N.D.Miss.2006).
¶ 26. Because Mississippi Pacific/Tri-Lake was not McDonald's statutory employer, it lacked any responsibility under the Act for providing workers' compensation insurance to McDonald. Nash, 480 So.2d at 1099-1100 (citing Falls v. Miss. Power & Light Co., 477 So.2d 254, 258 (Miss.1985)). The Fund argues that there was substantial evidence before the Commission that Mississippi Pacific/Tri-Lake volunteered to provide workers' compensation insurance for Kaiser. The following evidence was presented to the Commission concerning the Mississippi Pacific/Tri-Lake's purported agreement to insure Kaiser: (1) the letter from Kirby Allen to the Fund's attorney stating that KCS had a verbal agreement with Monty Sanders of Tri-Lake that Tri-Lake would be responsible for workers' compensation insurance on "the entire logging activities with Andy Kaiser"; (2) the testimony of Allen that Sanders told him that Tri-Lake required Kaiser to have worker's compensation insurance; (3) the testimony of Robert Parker, a manager for Tri-Lake, that Tri-Lake was never responsible for anyone's workers' compensation except for its own employees; (4) the additional testimony of Parker that instead, Tri-Lake's practice was to ascertain whether loggers were insured by keeping certificates of insurance on file for them and that this practice was followed regarding Kaiser; and (5) Kaiser's belief that its carrier was the Fund.
¶ 27. When the evidence is conflicting, it is the role of the Commission to determine which evidence is credible, and which evidence is not. Metal Trims Indus., Inc., 562 So.2d at 1297. The only evidence supporting the existence of an agreement was the letter, and the only parties to the letter were Allen of KCS and Slade, the Fund's attorney. Allen's representation in the letter about what Mississippi Pacific/Tri-Lake had agreed to was hearsay. See M.R.E. 801(c). Assuming the Commission was empowered under section 71-3-37(13) to determine whether Mississippi Pacific/Tri-Lake was contractually bound, the Commission was entitled to accept the testimony of Parker that Tri-Lake never agreed to provide workers' compensation coverage for Kaiser, but instead, Tri-Lake required Kaiser to have its own workers' compensation insurance. Parker's testimony on behalf of Mississippi Pacific/Tri-Lake was substantial evidence that no such agreement existed.[6] The decision of the Commission that Kaiser was the solely liable party was supported by *659 substantial evidence and was not arbitrary and capricious. Therefore, we affirm the judgment of the circuit court.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY.
NOTES
[1] In a later brief, the Fund explained that after McDonald's injury, Kaiser mailed the Fund a check for the past-due premiums along with "copies of documents resembling invoices ostensibly sent to Kaiser" by the Fund's third-party administrator. Initially, the Fund could not determine whether its third-party administrator had invoiced Kaiser after the policy cancellation date. Therefore, the Fund paid McDonald's claim under a reservation of rights. It later discovered that the third-party administrator had not invoiced Kaiser after the policy cancellation date.
[2] The administrative law judge's order indicated that McDonald had not yet reached maximum medical improvement. Therefore, the extent of any permanent disability incurred by McDonald remained to be determined.

In reaction to the order of the administrative law judge Kaiser, on January 16, 1998, sued the Fund in the Circuit Court of Adams County. Kaiser sought a declaratory judgment that coverage existed for McDonald's injuries based on the theories of waiver and estoppel. In its brief, Kaiser asserts that its Adams County action remains pending until a final determination of the issues in the instant case.
[3] Before filing its answer, Tri-Lake moved to substitute Mississippi Pacific Company for Tri-Lake, asserting that Mississippi Pacific Company was the proper party to the proceedings. The Commission approved an agreed order substituting Mississippi Pacific Company for Tri-Lake on March 16, 1999. Though Mississippi Pacific Company was properly substituted for Tri-Lake, the parties and the administrative law judge in the order under review continued to refer to the company as "Tri-Lake." In order to avoid confusion, in the rest of this opinion we will refer to the company as Mississippi Pacific/Tri-Lake.
[4] We note that the Fund's appellate arguments assert a claim for relief against only one party to this appeal, Mississippi Pacific/Tri-Lake, and its carrier.
[5] Mississippi Pacific/Tri-Lake argues that section 71-3-37(13) should not have been applied to this case at all because there was no Commission order requiring the disputing parties to immediately pay benefits to McDonald in equal shares. While a plain reading of the statute indicates such an order may be a statutory prerequisite to the Commission's ability to order reimbursement between insurance companies, the circuit court's judgment remanding the case to the Commission for findings under the statute is not before this Court on appeal. This is because the circuit court's judgment of remand was a final judgment from which no appeal was taken. Southwood Door Co. v. Burton, 847 So.2d 833, 838 (¶¶ 18-19) (Miss.2003) quoting J.R. Logging v. Halford, 765 So.2d 580, 587(¶ 35) (Miss.Ct.App.2000) (Southwick, P.J., concurring) (holding that a circuit court judgment that holds that an agency definitely erred, and that remands the case back to the agency for further proceedings, is "a final judgment subject to further review at the Supreme Court"). Therefore, our review is limited to the Commission's finding on remand, affirmed by the circuit court, that Kaiser was the solely liable party for the purpose of reimbursing the Fund.
[6] Because there was substantial evidence that Mississippi Pacific/Tri-Lake did not agree to insure Kaiser, we do not discuss whether the evidence before the Commission could have also substantially supported a finding that Mississippi Pacific/Tri-Lake was the solely liable party.