# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-WC-01614-COA

**DELORISE ROLLINS**                                                      **APPELLANT**

**v.**

**HINDS COUNTY SHERIFF'S DEPARTMENT**                    **APPELLEES**
**AND MISSISSIPPI PUBLIC ENTITIES'**
**WORKERS' COMPENSATION TRUST**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/2018 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEYS FOR APPELLANT: | AMANDA GRACE HILL |
| | ROGEN K. CHHABRA |
| ATTORNEY FOR APPELLEES: | MICHAEL D. YOUNG |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 12/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     Delorise Rollins was employed by Quality Choice Correctional Healthcare (Quality Choice) as a nurse at the Hinds County Detention Center in Raymond. Quality Choice had a contract with Hinds County to provide comprehensive medical care to inmates at the Detention Center. Rollins was injured on the job in 2013 and eventually pursued a workers' compensation claim against Quality Choice for that injury. She sustained a second injury at work in 2014, but Quality Choice's workers' compensation coverage had been cancelled prior to her second injury. Rollins filed a workers' compensation claim related to her second injury against the Hinds County Sheriff's Department (HCSD), alleging that HCSD was

obligated to provide benefits as a "general contractor" and her "statutory employer." Miss. Code Ann. § 71-3-7(6) (Supp. 2019). The Workers' Compensation Commission ruled that HCSD was not liable for workers' compensation benefits because it was not Rollins's statutory employer. We agree with the Commission's determination and therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. As stated above, Rollins was employed by Quality Choice as a nurse at the Hinds County Detention Center in Raymond. She alleged that she sustained injuries at work in August 2013 and September 2014. For each injury, she filed a petition to controvert with the Workers' Compensation Commission. In both petitions, she alleged that HCSD was liable for workers' compensation benefits as her "statutory employer" because her actual employer, Quality Choice, was without workers' compensation coverage. It was later determined that Quality Choice did have coverage at the time of Rollins's first injury but that its insurance carrier validly and effectively cancelled the policy prior to Rollins's second injury.[1] As a result, Rollins amended her first petition to identify Quality Choice and its carrier as the employer/carrier, and HCSD was dismissed from that case.

¶3. In response to Rollins's second petition to controvert, HCSD denied that it was

---

[1] Quality Choice's failure to maintain insurance coverage did not relieve it of liability for the second injury. A covered employer that fails to maintain coverage remains liable for workers' compensation benefits, and, in the case of a corporation, its president, secretary, and treasurer are also "severally personally liable, jointly with such corporation." Miss. Code Ann. § 71-3-83(1) (Rev. 2011). In addition, an injured employee may elect to maintain an action at law for damages against a covered employer that fails to maintain coverage. Miss. Code Ann. § 71-3-9 (Rev. 2011). In such an action, the uninsured employer "may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee." *Id.*

2

Rollins's "statutory employer." HCSD produced Quality Choice's contract with Hinds County to provide comprehensive medical care for inmates at detention facilities including the Detention Center at Raymond. HCSD also produced a quitclaim deed showing that Hinds County owns the property on which the Detention Center is located.

¶4. The administrative judge held that HCSD was not Rollins's statutory employer based on "a thorough review of all pertinent and current case law and the totality of circumstances surrounding this claim." The judge stated that "[a] controlling point is the fact that Hinds County . . . was the owner of the detention center/penal farm at all relevant times applicable to the alleged incidents and the claimant was an employee of Quality Choice . . . at all relevant times." The judge's order also quoted a relevant paragraph of the Mississippi Supreme Court's opinion in *Thomas v. Chevron U.S.A. Inc.*, 212 So. 3d 58 (Miss. 2017):

> In sum, this Court never has treated the owner of land as a prime or general contractor for purposes of the Workers' Compensation Act. Here, Chevron was the owner of the plant. The fact that Chevron contracted with APS for certain maintenance and other work does not change Chevron's status as an owner. APS is the chief or prime contractor. A chief or prime contractor is defined as one who has a contract with the owner of a project or job, and has full responsibility for its completion.

*Id.* at 64 (¶22) (quotation marks omitted). Because the administrative judge held that HCSD was not Rollins's statutory employer, she ruled that HCSD was not liable for any workers' compensation benefits. The full Commission affirmed in a one-page order that adopted the administrative judge's ruling. Rollins then appealed.

## ANALYSIS

¶5. In general, "[t]his Court's review of a decision of the Workers' Compensation

3

Commission is limited to determining whether the decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated one's constitutional or statutory rights." *Gregg v. Natchez Trace Elec. Power Ass'n*, 64 So. 3d 473, 475 (¶8) (Miss. 2011). However, we review issues of law de novo. *Id.* at (¶9). In addition, we review issues of statutory interpretation de novo and without deference to the Commission. *Miss. Mfrs. Ass'n Workers' Comp. Grp. v. Miss. Workers' Comp. Grp. Self-Insurer Guar. Ass'n*, 281 So. 3d 108, 114 (¶24) (Miss. Ct. App. 2019) (citing *King v. Miss. Military Dep't*, 245 So. 3d 404, 407-08 (¶¶8-12) (Miss. 2018)). When, as in this case, the Commission adopts the decision of the administrative judge as its own, we review the decision of the administrative judge. *Mabus v. Mueller Indus. Inc.*, 205 So. 3d 677, 682 (¶21) (Miss. Ct. App. 2016).

¶6. Under Mississippi Code subsection 71-3-7(6), if a "subcontractor" fails to secure workers' compensation coverage for its employees, then "the contractor shall be liable for and shall secure payment of such compensation to employees of the subcontractor." Miss. Code Ann. § 71-3-7(6). The "contractor" is considered the "statutory employer of the subcontractor's employees." *Thomas*, 212 So. 3d at 61 (¶8).

¶7. HCSD argues that it is not Rollins's statutory employer because it is not a "contractor," and Quality Choice is not a "subcontractor." Rather, HCSD is simply the owner of the property, and Quality Choice is an independent contractor hired to provide comprehensive medical care for inmates.[2]

---

[2] The contract between Hinds County and Quality Choice made clear that Quality Choice was an independent contractor, and Rollins does not dispute that Quality Choice was

¶8.     Rollins, in contrast, argues that the administrative judge conducted an incomplete analysis and misinterpreted "a single line, from a single case" (*Thomas*, *supra*) to mean that a property owner can never be a contractor.  Rollins argues that HCSD is a "contractor" because it has an obligation under the Eighth Amendment to the United States Constitution to provide medical care to inmates.  At oral argument in this Court, Rollins's counsel posited that this constitutional obligation gives rise to an implied contract between "the People" or "the taxpayers" and HCSD, with Quality Choice then acting as a "subcontractor."

¶9.     We affirm the judgment of the Commission because it correctly determined that HCSD was not a contractor and that Quality Choice was not a subcontractor.  In *Thomas*, 212 So. 3d at 62-64 (¶¶13-21), the Supreme Court discussed all the significant precedents applying subsection 71-3-7(6), and there is no need for us to cover all of that ground again today.  The key point of these decisions is that a party is considered a "contractor" and a "statutory employer" only if it is within "the common understanding of such terms as 'prime contractor' or 'general contractor.'"  *Id.* at 63 (¶15) (quoting *Nash v. Damson Oil Corp.*, 480 So. 2d 1095, 1100 (Miss. 1985)).  The Supreme Court further explained that a property owner does not become a "contractor" just because it contracts with another entity to do work on its premises.  *Id.* at 64 (¶22).  Rather, a "chief or prime contractor is defined as one who *has a contract with the owner of a project or job*, and has full responsibility for its completion."  *Id.* (emphasis added) (quotation marks omitted).  In this case, Hinds County

---

an independent contractor.  "All subcontractors are independent contractors, but an independent contractor is not necessarily a subcontractor." *Amoco Prod. Co. v. Murphy*, 528 So. 2d 1123, 1124 n.1 (Miss. 1988).

contracted directly with Quality Choice to provide comprehensive medical care for inmates. *That is the only contract in the record in this case.* Neither Hinds County nor HCSD had a "contract" with anyone else. There was only a single contract between Hinds County and Quality Choice. By definition, that is *not* a "subcontract." Therefore, Quality Choice was not a "subcontractor," and HCSD was not a "contractor" or Rollins's statutory employer.

¶10. We acknowledge Rollins's argument that the administrative judge overstated the significance of Hinds County's ownership of the subject property. Perhaps that singular fact is not "controlling," as the judge put it. However, there are no disputed material facts, and we review issues of law and statutory interpretation de novo. Under a de novo "standard of review it does not matter why the [Commission] reached the result it did"; even if the Commission "reached the right result for the wrong reason, its judgment [must] be affirmed." *Trigg v. Farese*, 266 So. 3d 611, 619 (¶17) (Miss. 2018). On this record, as a matter of law, HCSD simply is not a "contractor." HCSD has no "contract with" any other entity, *Thomas*, 212 So. 3d at 64 (¶22), and Rollins's novel theory of a contract between "the People" and the county lies far outside "the common understanding of such terms as 'prime contractor' or 'general contractor.'" *Id.* at 63 (¶15) (quoting *Nash*, 480 So. 2d at 1100). Therefore, HCSD is not a statutory employer, and the judgment of the Commission must be affirmed.

¶11. **AFFIRMED.**

**BARNES, C.J., GREENLEE, McDONALD AND C. WILSON, JJ., CONCUR. McCARTY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS, TINDELL, LAWRENCE AND McCARTY, JJ.**

**CARLTON, P.J., DISSENTING:**

6

¶12. I respectfully disagree with the majority's opinion. I would reverse and remand this case to the Commission to conduct the appropriate analysis, determine the employment relationship between the parties, and then make a finding as to whether HCSD is the statutory employer. The order of the administrative judge (AJ) determining that HSCD is not the statutory employer, which the Commission affirmed, shows that the AJ based her decision on the fact that HSCD was the owner of the detention center. Upon review of the order, I find that the AJ and the Commission failed to properly conduct an analysis to determine the employment relationship among HCSD, Quality Choice, and Rollins, and whether HSCD met the definition of a chief or prime contractor.

¶13. This Court will reverse the decision of the Commission "only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Mabus v. Mueller Indus. Inc.*, 205 So. 3d 677, 682 (¶20) (Miss. Ct. App. 2016). "[W]here, as here, the Commission adopts the findings of the AJ without presenting its own findings of fact, this Court will examine the findings of fact made by the AJ." *Id*. at (¶21) (quoting *Leslie v. SAIA Motor Freight*, 970 So. 2d 218, 220 (¶11) (Miss. Ct. App. 2007)). This Court review questions of law de novo. *Id*. at (¶20). We also recognize that "[a]n administrative agency's interpretation of a statute governing the agency's operation is a matter of law subject to de novo review." *Nissan N. Am. Inc. v. Tillman*, 273 So. 3d 710, 714 (¶11) (Miss. 2019).

¶14. On appeal, Rollins argues that the Commission erred in finding that because HCSD was the property owner, HSCD was therefore not Rollins's statutory employer. Rollins

maintains that HCSD was both the property owner *and* the statutory employer. Rollins acknowledges that at the time of her injury, she was an employee of Quality Choice and that Quality Choice was responsible for maintaining appropriate workers' compensation insurance. However, Rollins asserts that because Quality Choice failed to maintain workers' compensation insurance, HCSD should be deemed Rollins's statutory employer and held liable for her workers' compensation benefits pursuant to the Mississippi Workers' Compensation Act. Rollins asserts that the terms of the contract between Quality Choice and HCSD, which incorporated the "Proposal to Provide," demonstrate that HCSD meets the definition of "chief or prime contractor" as set forth in *Thomas v. Chevron U.S.A. Inc.*, 212 So. 3d 58, 64 (¶22) (Miss. 2017).

¶15. HCSD maintains that the Commission made the proper determination. HCSD argues that Quality Choice was an independent contractor[3] and HCSD, like Chevron, was simply the owner of the property. *See id*. HCSD therefore submits that Quality Choice, and not HCSD, is the prime contractor and responsible for providing workers' compensation benefits to Rollins.

¶16. Mississippi Code Annotated section 71-3-7(6) (Supp. 2019) of the Mississippi Workers' Compensation Act provides: "In the case of an employer who is a subcontractor,

---

[3] The contract between Quality Choice and HCSD contains the following clause:

INDEPENDENT CONTRACTOR. Nothing in this Agreement creates a joint venture, partnership, principal-agent of mutual agency relationship between the parties. No party has any right or power under this Agreement to create an[y] obligation, express or implied, on behalf of the other party. Each person signing below represents and warrants that he or she has the necessary authority to bind the principal set forth below.

the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment." Thus, "a contractor shall be liable for workers' compensation benefits for a subcontractor's employees if the subcontractor has not provided for such benefits." *Chevron*, 212 So. 3d at 60-61 (¶8). If the subcontractor fails to secure payment of workers' compensation benefits for its employees, "the employees of that subcontractor may thereby be characterized as the 'statutory employees' of the general (prime) contractor, and the general contractor becomes the 'statutory employer' of such employees." *Vance v. Twin River Homes Inc*., 641 So. 2d 1176, 1182 (Miss. 1994) (emphasis omitted). "For an employee to be a 'statutory employee,' the employee must be employed by a subcontractor in a contractor-subcontractor relationship." *Miss. Loggers Self Insured Fund Inc. v. Andy Kaiser Logging*, 992 So. 2d 649, 656 (¶20) (Miss. Ct. App. 2008). In *Doubleday v. Boyd Construction Co.*, 418 So. 2d 823, 825 (Miss. 1982), the supreme court explained that "[t]he primary intention of the statute was held to be for the protection of employees of independent contractors or subcontractors who were not financially responsible and this laudable purpose was aided by preventing general contractors from relieving themselves of workmen compensation responsibility by shifting it to others."

¶17. The supreme court further discussed section 71-3-7(6) in *Richmond v. Benchmark Construction Corp.*, 692 So. 2d 60, 63 (Miss. 1997), and emphasized the importance of examining the relationship between the parties when determining whether the contractor is the claimant's statutory employer. The supreme court explained as follows:

9

The emphasis should not be on the verb "secure" but on the relationship between the parties. The statute does not require the contractor to put a condition in a contract. The statute makes the contractor stand in the place of the subcontractor, if the subcontractor fails to obtain workers' compensation coverage.

*Id*. The supreme court clarified that "[t]he statute accomplishes the important purpose of creating a duty in the contractor to fulfill the subcontractor duties, should the subcontractor fail to fulfill its part of the historical bargain created by the workers' compensation statutes." *Id*.

¶18.    In the present case, the Commission relied on the supreme court's opinion in *Chevron*, 212 So. 3d at 64 (¶22), in making its determination that HCSD was not Rollins's statutory employer. In *Chevron*, Quindon Thomas, the claimant, was injured while working as a maintenance worker at Chevron's petroleum refinery plant. *Id*. at 59 (¶1). Thomas's employer was American Plant Services Inc. (APS). *Id*. at (¶2). Similar to the case before us, Chevron required APS to provide workers' compensation benefits for its employees. *Id*. at (¶3). However, Chevron and APS eventually amended their contract to state that Chevron would provide workers' compensation insurance for all APS employees working at the refinery. *Id*.

¶19.    After his injury, Thomas immediately began receiving workers' compensation benefits from Chevron. *Id*. at (¶4). Thomas eventually filed a complaint, alleging negligence and premises liability claims against Chevron for the injuries he sustained while working at the refinery. *Id*. at 60 (¶5). Chevron raised affirmative defenses, including its immunity from tort liability under the Mississippi Workers' Compensation Act. *Id*. Chevron filed a motion

10

for summary judgment and argued that it had statutory "immunity from tort liability since it had acted as its own general contractor and had provided compensation benefits to Thomas." *Id*. at (¶8). The circuit court granted Chevron's motion for summary judgment, and Thomas appealed. *Id*. at (¶6).

¶20.    In its discussion, the supreme court recognized that it had never "treated the owner of land as a prime or general contractor for purposes of the Workers' Compensation Act." *Id*. at 64 (¶22). The supreme court determined that Chevron was the property owner and APS was the "chief or prime contractor." *Id*. The supreme court explained that Chevron, as the property owner, "had no duty as an employer or contractor to secure workers' compensation insurance and its act of voluntarily purchasing coverage does not change its status." *Id*. at 64-65 (¶23). The supreme court accordingly held that Chevron was not immune from a negligence action and was subject to Thomas's tort claim. *Id*. at 65 (¶23).

¶21.    Rollins argues that the Commission erred in interpreting *Chevron* to signify that HCSD's ownership of property granted it immunity from workers' compensation claims. Rollins asserts that the Commission appears to have simply picked out one sentence from the supreme court's analysis in *Chevron* rather than focusing on the analysis as a whole. Rollins submits that the supreme court actually determined that Chevron was not the statutory employer because it examined the employment relationship of the parties and found that Chevron was not the chief or prime contractor. Rollins maintains that *Chevron* stands for the proposition that a statutory-employer analysis has to be conducted in each case, and the Commission failed to conduct this analysis in the present case. I agree.

11

¶22. In *Chevron,* 212 So. 3d at 64 (¶22), the supreme court defined "chief or prime contractor" as "one 'who has a contract with the owner of a project or job, and has full responsibility for its completion.'" This Court has defined a subcontractor as "one who enters into a contract, express or implied, for performance of an act with a person who has already contracted for its performance, or who takes a portion of a contract from the principal or prime contractor." *Miss. Loggers*, 992 So. 2d at 656 (¶18).[4]

¶23. In *Chevron*, the supreme court determined that APS, and not Chevron, was the chief or prime contractor. *Chevron*, 212 So. 3d at 64 (¶22). In her brief, Rollins distinguishes the present facts from those in *Chevron*:

> In *Chevron*, APS had full responsibility for the maintenance services provided by Thomas. Here, HCSD, is in the "business" of housing and safekeeping prisoners and prison personnel. Among its responsibilities, as discussed above, is ensuring that the medical needs of prisoners are attended to, as required by the Eight Amendment to the US Constitution. Unlike Thomas in the *Chevron* case, Nurse Rollins was doing exactly what the contractor, HCSD, was in the business of doing, the very business that HCSD is responsible for doing. Quality Choice did not have "full responsibility of completion" of caring for the inmates in the [HCSD]. The ultimate responsibility to care for the inmates rested with HCSD, per the Eighth Amendment.

¶24. In the case before us, the AJ's order determining that HSCD is not the statutory employer, which the Commission affirmed, shows that the AJ based her decision on the fact that HSCD was the owner of the detention center. I find that the AJ failed to conduct an analysis to determine the employment relationship among HCSD, Quality Choice, and

---

[4] In *Mississippi Loggers*, 992 So. 2d at 655 (¶18), this Court also stated that "[w]hile not every independent contractor is a subcontractor, every subcontractor is an independent contractor."

12

Rollins, and failed to decide whether HSCD met the definition of a chief or prime contractor. In order to establish whether HCSD is the statutory employer for the purposes of section 71-3-7(6), the Commission must review the evidence presented and determine the employment relationship between the parties, including whether HCSD meets the definition of a chief or prime contractor. *See Chevron*, 212 So. 3d at 64-65 (¶¶22-23). I would therefore reverse and remand this case to the Commission to conduct the appropriate analysis and determine the employment relationship among the parties and then make a finding as to whether HSCD is the statutory employer. Accordingly, I respectfully dissent.

**WESTBROOKS, TINDELL, LAWRENCE AND McCARTY, JJ., JOIN THIS OPINION.**