# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-WC-00417-COA

**CARLOS JORGE HIMELIZ**                                                        **APPELLANT**

**v.**

**HOG SLAT, INC. AND ACE AMERICAN**                                      **APPELLEES**
**INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/30/2020 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | LINDSAY ERIN VARNADOE |
| ATTORNEY FOR APPELLEES: | M. REED MARTZ |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 06/22/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., GREENLEE AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.     Carlos Jorge Himeliz is originally from Mexico.  He was legally in the United States on a work visa when he sustained a compensable injury that rendered him a quadriplegic during the course and scope of his employment.  Although he has some limited mobility in his hands and can operate a specially equipped motorized wheelchair, Himeliz is permanently, totally disabled and will require medical attention for the rest of his life.  His visa expired sometime after his accident, and he is not entitled to any government benefits.[1]

---

[1] As of March 2020, he was working with counsel to obtain a new visa.

Himeliz received a lump-sum payment for all disability benefits to which he was entitled by law. Subsequently, he and his employer, Hog Slat Inc., voluntarily participated in mediation and agreed to a settlement that would close out the medical portion of his claim.

¶2. The parties jointly submitted a petition for approval of a settlement agreement to the Mississippi Workers' Compensation Commission for approval. The proposed agreement included a structure plan and a structured settlement. No hearing on the matter was requested, and none was held. On February 26, 2020, the proposed settlement was denied by Commissioner Beth Aldridge based on the criteria set out in Mississippi Workers' Compensation Commission Procedural Rule 2.15; presumably because she did not believe it was in Himeliz's best interest.

¶3. Upon Commissioner Aldridge's denial of the petition, counsel for Himeliz asked a Commission staff attorney the proper manner to request a full Commission review of the proposed settlement. The staff attorney replied that neither the Commission's rules nor Mississippi statute provide a procedure for requesting a full Commission review of a proposed settlement. The parties filed a joint emergency petition for review of proposed settlement on March 3, 2020, and on March 30, 2020, the petition was denied. Despite clearly stating in its order of denial that "settlement approval is discretionary" and that there is no rule that "contemplate[s] review by the [f]ull Commission of a proposed settlement which has been denied by a Commissioner," the full Commission went on to analyze the proposed settlement (again with no hearing) and supporting documentation. The full Commission held that the proposed settlement was not in Himeliz's best interest based on

2

Rule 2.15.

¶4. Himeliz appeals, arguing that Commissioner Aldridge's denial of the settlement was erroneous because no hearing was held and that upon denial of the settlement, there should have been a hearing before the full Commission.[2] Himeliz's former employer, Hog Slat Inc., joins in the appeal also alleging as error that the full Commission's decision was not supported by substantial evidence.

## STANDARD OF REVIEW

¶5. "The standard of review in workers' compensation cases is limited and deferential." *Total Transp. Inc. of Miss. v. Shores*, 968 So. 2d 400, 403 (¶15) (Miss. 2007). "The Commission sits as the finder of fact, and it is the ultimate judge of the credibility of the witnesses." *Miss. Loggers Self Insured Fund Inc. v. Andy Kaiser Logging*, 992 So. 2d 649, 654 (¶15) (Miss. Ct. App. 2008). We will reverse "only when a Commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Smith v. Johnston Tombigbee Furniture Mfg. Co.*, 43 So. 3d 1159, 1164 (¶15) (Miss. Ct. App. 2010). The Commission's application of the law is subject to a de novo review. *Lifestyle Furnishings v. Tollison*, 985 So. 2d 352, 358 (¶16) (Miss. Ct. App. 2008).

## DISCUSSION

### I. Did the Commission err in not holding a hearing on the 9(i)

---

[2] The conclusion of Himeliz's brief contains a reference to the lack of hearing equating to a due process violation. Himeliz provides no law or legal citation in support of this statement, so we are not required to address it. *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993).

**settlement petition?**[3]

¶6.     Mississippi Code Annotated section 71-3-61(1) (Rev. 2011) grants the Commission

the power to write and enforce its own rules "conformable to [the] law which may be

necessary to enable [it] effectively to discharge the duties of [its] office."  The Commission

has adopted general and procedural rules.  Rule 2.15 is procedural in nature and governs 9(i)

settlements in conjunction with Mississippi Code Annotated section 71-3-29 (Rev. 2011).[4]

Rule 2.15 states in relevant part:

> In every case of compromise settlement, the proposed settlement will be
> explored and medical reports will be examined to determine if the amount of
> the proposed settlement appears fair and reasonable.  The Commission or
> Administrative Judge shall not approve the settlement if it is:
>
> a.     not accurately reported,
> b.     not completely understood by the claimant, or
> c.     not in the best interest of the claimant.
>
> The Commission or Administrative Judge will approve the settlement if:
>
> a.     the underlying facts, terms, and amount of the settlement are accurately
>        reported,
> b.     claimant understands the settlement's import and effect, and
> c.     the settlement is in claimant's best interest.

Rule 2.15 does not require a hearing by a Commissioner, the full Commission, or an

administrative judge in order for a settlement to be approved or denied.  Only unrepresented

---

[3] These settlements are often referred to as 9(i) settlements, a reference to the code
section in effect when the law was first passed.

[4] To clarify any potential confusion, we point out that Mississippi Code Annotated
section 71-3-47 (Rev. 2011) clearly defers to other statutes and rules promulgated by the
Commission when they give specific instructions pertaining to settlement and adjudication
of claims.

claimants are required to be interviewed by the Commission prior to settlement approval. *See* Rule 2.15.

¶7. In his brief, Himeliz argues that he was represented by competent counsel and had been found to be of sound mind and body by an independent physician. He states that he wanted to proceed with the proposed settlement and that the Commissioner's concerns about the settlement could have been addressed had there been a hearing. As indicated above, Rule 2.15 does not mandate a hearing. The Mississippi legislature has also declined to dictate that a hearing be held in conjunction with settlement approval or denial. *See* Miss. Code Ann. § 71-3-29 ("[C]ommutation and lump sum settlement payments shall be governed by rules of the commission, and shall not be made except when determined to be in the best interest of the injured worker or his dependents, the commission having final authority in such questions."). The parties cite no authority that requires a hearing in this instance, and we note that Himeliz's petition did not contain a request for a hearing.

¶8. Himeliz requested only that the Commission undertake an "investigation." There is no specific manner in which the Commission should conduct its investigation to determine whether a settlement is warranted, but the investigation should include a thorough review of the petition and the medical records. Miss. Code Ann. § 71-3-55(1) (Rev. 2011); *see also Bailey Lumber Co. v. Mason*, 401 So. 2d 696, 701 (Miss. 1981). It appears to us that the Commission thoroughly reviewed the petition, exhibits, and medical records on file. We find no duty of the Commission to conduct independent research, particularly when a claimant is represented by counsel. We note that while the petition prepared by counsel for Himeliz

5

sets forth the details of the proposed settlement, it contains only one cursory statement about it being in Himeliz's best interest: "Claimant avers that it would be in [his] best interest that this compromise settlement be approved." Perhaps Himeliz would have furthered his cause by giving the Commission specific reasons that he believed the settlement was in his best interest.

¶9. Mississippi law favors voluntary agreements to compromise and settle disputes. *Estate of Cole v. Ferrell*, 163 So. 3d 921, 925 (¶18) (Miss. 2012). However, "[i]t is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules." *Greenwood Utils. v. Williams*, 801 So. 2d 783, 790 (¶23) (Miss. Ct. App. 2001) (quoting *Delta Drilling Co. v. Cannette*, 489 So. 2d 1378, 1380-81 (Miss. 1986)). Even if we believe the best course of action would have been to conduct a hearing in order to give Himeliz the opportunity to show why the settlement was in his best interest, there is no legal mechanism that would enable us to reverse the Commission in order to require it to adhere to a procedural rule that does not exist. We find the Commissioner was not mandated to hold a hearing prior to her denial of the proposed settlement, nor did she err in failing to do so. Likewise, the full Commission's denial of the settlement was based on substantial evidence, and it did not err in rendering a decision without holding a hearing.

### II. Was the Commission's denial of the settlement petition based on substantial evidence?

¶10. The full Commission reviewed the proposed settlement petition and related documentation including a life-care plan and Himeliz's medical records. In its denial, the

Commission expressed concern that the life-care plan provided only for "the best case scenario for [Himeliz]." Specifically, in the three years since Himeliz's injury he had required three surgeries, but the life-care plan did not include costs for potential future surgery despite the fact that one of his physicians said that he was at an increased risk for recurrence of pressure ulcers and the need for surgery to treat them. It was also noted that the settlement offer (which was more than $3,000,000 less than the amount specified in the life-care plan) provided less than $200,000 per year for predicted future medical expenses, while expenses for the previous three years had averaged $1,000,000 per year.

¶11. The Commission also had reservations about Himeliz's support system—citing his family's unreliability and his need for twenty-four hour care. Further complicating matters is the fact that English is not Himeliz's primary language and he needs an interpreter to communicate with his care providers. Although Hog Slat had been paying for an interpreter, the life-care plan would discontinue this service after a year of English lessons. Since the original injury, Himeliz has sustained a traumatic brain injury, and there was no indication that he is capable of learning English beyond his current level.

¶12. The Commission's opinion also stated that both the interpreter and Himeliz's nurse case manager doubt his ability to manage his finances. Hog Slat maintains that statements included in the life-care plan about Himeliz's ability to control his finances are hearsay and should not have been considered by the Commission. We agree that uncorroborated hearsay cannot be the basis for substantial evidence, but Himeliz's inability to manage his finances was only one of the lesser reasons that the Commission denied the settlement. *See Brock v.*

7

*Hankins Lumber Co.*, 786 So. 2d 1064, 1069 (¶22) (Miss. Ct. App. 2000).

¶13.    Himeliz submits that the Commission erred in referring to him in its order as a twenty-nine-year-old with a projected life expectancy of 26.2 years. He points out that this had changed when the settlement petition was filed. Indeed, the petition shows that Himeliz was thirty years old with a life expectancy of 22.47 years. We agree that the order is incorrect. We disagree that this mistake in any way changes the outcome of this appeal. To be sure, the Commission took Himeliz's life expectancy into account. But there is no indication that this 3.73 year difference accounted in large (or small) part for the denial of the settlement petition. Substantial evidence points to the fact that the Commission denied the petition because it did not believe future medical expenses were properly calculated, Himeliz had no adequate support system, and there was a language barrier. And the Commission disagreed with the proposed settlement, stating "[t]hat the proposed settlement is millions of dollars less than is required for the Claimant's future medical needs is reason enough not to support the settlement . . . ."

¶14.    Both Himeliz and Hog Slat point to the funding of a Special Needs Trust as a reason for the Commission to approve the settlement. Although not specifically addressed by the Commission, this alone does not mean that the denial was not based on substantial evidence. The trust would not cure an underfunded settlement or assist Himeliz in learning English. Similarly, the trust would not provide day-to-day assistance for anything other than money management. As set forth above, the Commission's decision was based on substantial evidence.

¶15. Our duty of deference to the Commission on judicial review is justified by the Commission's experience and expertise in the interpretation and administration of the law of workers' compensation. *Smith v. Jackson Constr. Co.*, 607 So. 2d 1119, 1124-25 (Miss. 1992). The denial of the settlement petition was based on substantial evidence.

## CONCLUSION

¶16. For the reasons set forth above, the Commission did not err in failing to conduct a hearing on Himeliz's settlement petition. Additionally, substantial evidence exists for the denial of the proposed settlement.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY SMITH, J.; McDONALD, LAWRENCE AND McCARTY, JJ., JOIN IN PART.**

**GREENLEE, J., CONCURRING IN RESULT ONLY:**

¶18. I agree that the decision of the Commission should be affirmed.

¶19. The Commission rejected the proposed settlement of Himeliz's Workers' Compensation claim. Because the full Commission rejected the settlement as not being in Himeliz's best interest and because there was substantial evidence to support the Commission's decision, we should affirm. I write separately because I am concerned that there is no procedure for the request of a hearing before the full Commission when a proffered settlement is rejected by a single Commissioner.

¶20. Mississippi Code Annotated section 71-3-47 (Rev. 2011) states, in relevant part,

9

"Except as otherwise provided by this chapter, the details of practice and procedure in the settlement . . . of claims shall be determined by rules of the commission . . . ." In the next paragraph, the statute states: "The commission . . . upon application of either party or upon its own initiative, shall order a hearing . . . ." *Id*. Apparently, the rules of procedure duly adopted by the Commission fail to address how to handle a request for hearing on a rejected settlement.

¶21. Because section 71-3-47 states, "Except as otherwise provided by this chapter," the Commission should address the discrepancy in its procedures. The majority mistakenly approves the failure of the Commission's rules to provide for the statutorily required hearing. Therefore, I cannot fully concur.

¶22. However, because the full Commission's decision is supported by substantial evidence, I concur in the majority's result.

**SMITH, J., JOINS THIS OPINION. McDONALD, LAWRENCE AND McCARTY, JJ., JOIN THIS OPINION IN PART.**